WAMPLER, APPELLEE, *v.* BACH, APPELLANT.
HANCE, APPELLEE, *v.* HEIM, APPELLANT.

[Cite as Wampler v. Bach (1975), 42 Ohio St. 2d 237.]

(Nos. 74-526 and 74-800—Decided May 7, 1975.)

238

*Messrs. Loeb, Dolle, Ney & Vollman* and *Mr. Carl W. Vollman,* for appellee in case No. 74-526.

*Messrs. Taft, Luken & Boyd* and *Mr. William S. Wyler,* for appellant in case No. 74-526.

*Mr. Raymond J. Seiter, Jr.,* for appellee in case No. 74-800.

*Mr. Eric C. Holzapfel,* for appellant in case No. 74-800.

STERN, J. App. R. 10 provides, in part:

"(A) The record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the Court of Appeals within forty days after the filing of the notice of appeal unless the time is shortened or extended by an order entered under subdivision (D) of this rule. After filing the notice of appeal the appellant shall comply with the provisions of Rule 9(B) and shall take any other action necessary to enable the clerk to assemble and transmit the record. * * * " * * *

"(D) The trial court for cause shown may extend the time for transmitting the record. The clerk shall certify the order of extension to the Court of Appeals. A request for extension must be made within the time originally prescribed or within an extension previously granted. If the trial court is without authority to grant the relief sought or has denied a request therefor, the Court of Appeals may on motion for cause shown extend the time for transmitting the record or may permit the record to be transmitted and filed after the expiration of the time allowed or fixed."

In case No. 74-526, the Court of Appeals refused to grant an extension of time for filing a transcript, although appellant claimed that the delay was excusable neglect and that there was good cause for an extension. About two months after the entry in this case, the same Court of Appeals held in another case that it had no authority to grant an extension after the expiration of the time allowed to file. *Cincinnati Concession Co.* v. *Rack* (1974), 67 O. O. 2d 340. We disagree.

App. R. 10(D) provides, in part, that "[i]f the trial court is without authority to grant the relief sought or has

denied a request therefor, *the Court of Appeals* may on motion for cause shown extend the time for transmitting the record or *may permit the record to be transmitted and filed after the expiration of the time allowed or fixed.* * * *" (Emphasis added.) This language requires that a request for an extension within the time allowed or fixed, be filed first with the trial court, but specifically permits the Court of Appeals to grant an extension after that time. App. R. 10(D) adopts almost the exact language of Rule 11(d) of the Federal Rules of Appellate Procedure, and notes of the Advisory Committee on Appellate Rules state that "[s]ubdivision (d) makes explicit the power of the Court of Appeals to permit the record to be filed at any time." See *Pyramid Motor Freight Corp.* v. *Ispass* (1947), 330 U. S. 695; *United States* v. *Bowen* (C. A. 5, 1962), 310 F. 2d 45.

Because the Court of Appeals apparently decided that it lacked authority to grant the extension requested by appellant, irrespective of any showing of good cause for the delay in filing and for appellant's failure to request an extension in the trial court within the time allowed, we reverse the judgment and remand the cause to that court for consideration of that issue.

In case No. 74-800, appellant filed in the trial court a stipulation signed by opposing counsel, requesting an extension of time to transmit the record. The stipulation was not signed by the trial judge within the 40-day period, but the trial judge did sign the stipulation after the initial entry of judgment by the Court of Appeals, purporting to make the extension effective for the period originally requested. Apparently it was a practice embodied in a local rule of procedure to grant extensions of time upon stipulation of opposing counsel. (Rule 12 of the Hamilton County Court of Common Pleas Rules of Practice.)

App. R. 10(D) sets clear limits to the authority of the trial court to grant extensions for transmission of the record. An extension must be for cause shown, and "[a] request for extension must be made within the time originally prescribed or within an extension previously granted."

Actual approval of a request is not a *pro forma* matter which is left to an agreement by the parties, and a trial court has no authority to allow an extension except within the time prescribed or within an extension previously granted. See *Woody* v. *Hinkle Contracting Corp.* (D. C. Ky. 1973), 59 F. R. D. 543. A *nunc pro tunc* order seeking to grant an extension after the time has passed, where the trial judge in fact granted no such extension within the time, is beyond the authority of a trial court. "* * * [T]he power to make *nunc pro tunc* entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. * * *" *National Life Ins. Co.* v. *Kohn* (1937), 133 Ohio St. 111, 113. See *Caprita* v. *Caprita* (1945), 145 Ohio St. 5; *State, ex rel. Rogers,* v. *Rankin* (1950), 154 Ohio St. 23. After the time granted or allowed has expired, only the Court of Appeals may grant an extension for transmission of the record.

The claim raised by appellant upon motion for reconsideration was that the *nunc pro tunc* order of the trial court was effective in granting an extension of time for transmission of the record. It was not an error on the part of the Court of Appeals to deny that claim and overrule the motion.

> In case No. 74-526, *Judgment reversed.*
> In case No. 74-800, *Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.