THE STATE OF OHIO, APPELLANT, *v.* RENDER, APPELLEE.

(No. 74-577—Decided July 2, 1975.)

18

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. William P. Whalen,* for appellant. *Mr. Thomas A. Conroy,* for appellee.

CORRIGAN, J. The appellant, state of Ohio, raises essentially two issues for this court's consideration.

At the outset, the appellant maintains that a Court of Appeals does not have authority, pursuant to App. R. 10 (D), to extend the time for filing the transcript of proceedings after the time for filing prescribed by the Rules of Appellate Procedure has expired and after the time of any extensions previously granted has expired.

The docket indicates that appellee filed a record in the first appeal, case No. C-73096. The filing was late and the appeal, it is alleged, although it does not appear on the docket, was dismissed. The Court of Appeals, however, allowed appellee's motion for leave to appeal and designated it case No. C-73524. Appellant, herein, does not challenge the allowance of appellee's motion for leave to appeal by the Court of Appeals. The appellee, in the case No. C-73524, the second appeal, failed to file a transcript of proceedings within the 40-day period prescribed by App. R. 10(A). The Court of Appeals granted appellee's alternative motion for an extension of time to file, pursuant to App. R. 10 (D), and overruled appellant's motion to dismiss, accepting the record as having been timely filed.

This court has recently held, in *Wampler* v. *Bach* (1975), 42 Ohio St. 2d 237, that a Court of Appeals has authority, pursuant to App. R. 10(D), to allow an extension of the time for transmission of the record after the expiration of the time allowed or fixed for good cause

shown. It is clear, in the present case, that the Court of Appeals had authority to grant an extension of time for filing the record and the confusion engendered by the clerk's erroneous notice furnishes a basis for the exercise of the Court of Appeals' discretion in allowing the late filing of the transcript.

The major problem in this appeal arises from failure of the appellee, in the Court of Appeals, to ever file a transcript of proceedings. The docket and journal entries of the Court of Appeals clearly show that no transcript of proceedings was ever filed in this case.

A transcript is a copy of the record, or part of it, as it existed in the court below. Unless authorized by statute or rule a substitute cannot be made to take the place of the transcript.

The original papers before this court do not contain a certified transcript of proceedings from the Court of Appeals. That court, however, heard this case on oral argument and rendered a judgment reversing the judgment of the Court of Common Pleas.

The law in Ohio is clear that, where an authenticated transcript of proceedings in a trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court, upon appeal, to dismiss the appeal or affirm the judgment of the court from which the appeal is taken. *Ford* v. *Ideal Aluminum* (1966), 7 Ohio St. 2d 9; *Crow* v. *Brite Metal Treating* (1967), 9 Ohio St. 2d 63.

Because the Court of Appeals, absent a transcript of proceedings, reversed the judgment of the trial court, the judgment of reversal can stand only if it was based on errors apparent on the face of the record not requiring an examination of the transcript for determination.

In this regard, the Court of Appeals predicated reversal upon two grounds: (1) That the refusal of the trial court to accept the defendant's change of plea was an abuse of discretion; and (2) that an affidavit of a federal officer upon which probable cause for the issuance of a search war-

rant was based failed to demonstrate the underlying circumstances necessary to explain the information of an informant.

The first error found by the Court of Appeals was that the trial court abused its discretion in denying defendant's motion for a change of plea from not guilty to former jeopardy on the basis that such plea was not timely filed. R. C. 2943.03(C) [now superseded by Crim. R. 11(A), (C), (H), 12(A) and 32.1] provided that the defense of a former judgment of conviction must be made by a plea to an indictment or information. The Court of Appeals states that the defendant moved to change his plea at trial after the court's opening remarks. The docket and journal entries of the Court of Common Pleas do not indicate any such motion having been made or overruled. Likewise, the docket and journal entries of the Court of Appeals do not indicate the filing of a transcript of proceedings in the trial court which could demonstrate in the Court of Appeals that such oral motion was made or what disposition of it was made by the trial court. The Court of Appeals had no authenticated record before it on which to base its finding of error.

Similarly, the Court of Appeals' second finding of error, that appellant lacked probable cause for the issuance of a search warrant, is based upon an examination of the warrant, affidavits, and testimony produced at the suppression hearing in the trial court. The docket and journal entries of the Court of Appeals do not demonstrate that any of this evidence and testimony was ever made a part of the record on appeal.

In the absence of any record of proceedings in the trial court, upon which to predicate reversal in the Court of Appeals, the judgment of the Court of Appeals, in so doing, must be reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN, and P. BROWN, JJ., concur.