This appeal comes to us from the Erie County Court of Common Pleas. There, appellant pled no contest to and was found guilty of aggravated burglary, while still preserving his right to appeal the court's denial of his motion to dismiss for an alleged violation of his speedy trial rights. Because we conclude that the trial court properly determined that appellant's right to a speedy trial was not violated, we affirm. On January 21, 1998, appellant was arrested on a charge of aggravated burglary, a violation of R.C. 2911.01(A)(2), and a first degree felony. He was confined in the Erie County Jail and could not post bond. Two days later, on January 23, 1998, appellant entered his initial appearance in Sandusky Municipal Court. The trial court continued the hearing until January 28, 1998 so that appellant could obtain counsel. On January 28, 1998, appellant appeared with counsel, entered a plea of not guilty, and requested a preliminary hearing.
The matter was bound over to the grand jury. On March 9, 1998, appellant was indicted on one count of robbery, a violation of R.C. 2911.02(A)(1), and a second degree felony. The court scheduled a trial date for May 25, 1998. On April 8, 1998, the prosecutor filed a motion to vacate the May 25 trial date because the speedy trial time would expire on April 23, 1998. In response, the court then set the trial date for April 20, 1998.
On April 20, 1998, both parties appeared for trial. However, appellant's attorney filed a preprinted motion for continuance that day. As grounds for the continuance, appellant's counsel stated that he was "involved in another jury trial * * * [and] has been unable to complete his preparation for this case, and is unavailable to actually try the matter."
On that same form, a place is designated for a defendant to sign a waiver of his right to a speedy trial. Appellant did not sign the form. The trial court granted the motion for continuance requested by appellant's counsel and rescheduled the trial date to May 13, 1998.
On May 4, 1998, appellant filed a pro se motion to dismiss the case, arguing that he had been incarcerated for more than ninety days and had not been brought to trial in the time specified by R.C. 2945.71(C) and (E).
On May 8, 1998, appellant was arraigned on a second count of robbery, pursuant to R.C. 2911.02(A)(3), a third degree felony. The prosecutor filed a written opposition to appellant's motion to dismiss that same day. On May 12, 1998, appellant filed apro se request for writ of habeas corpus on speedy trial grounds.
On May 13, 1998, the parties appeared before the court for trial. Both appellant and his attorney signed a preprinted motion for continuance, asking the court to delay the hearings on the motion to dismiss and habeas corpus petition because appellant needed more time to prepare. This time, appellant signed the paragraph tolling the speedy trial time until May 26, 1998.
The parties appeared in court on May 26, 1998 for hearings on appellant's motion to dismiss, petition for writ of habeas corpus and for trial. No hearings went forward. Instead, the trial court's entry states:
 "The court is unavailable for the hearing and for the trial. Judge Mashari [sic] has recused herself and visiting Judge Cirigliano is in Medina County for a hearing * * *. Time is hereby tolled and this matter is set for the next available date."
Noted at the bottom of the preprinted form judgment entry is a notation that "Defendant objects to continuance." The trial court rescheduled the hearings on the motion, petition and the trial for June 1, 1998.
However, on June 1, Judge Maschari rescheduled all matters for the following day because the visiting judge was still in the Medina county hearing. The entry noted that time would be tolled. On June 2, Judge Maschari again rescheduled the hearing and trial date for the following day because the visiting judge was still in a hearing in Medina County.
On June 3, 1998, a different visiting judge was assigned to the case. Neither party provided a transcript of the proceedings that day. However, the record indicates that appellant consented to enter a no contest plea to the second count of robbery before Judge Maschari, with the understanding that a visiting judge would conduct the sentencing (and enter anolle prosequi on the first count). Appellant explicitly preserved the right to appeal the denial of his speedy trial motion in the plea agreement. While the visiting judge modified appellant's bond that day, the record shows that the visiting judge's judgment entries denying the motion to dismiss and habeas corpus petition were not filed until June 15, 1998.
On July 8, 1998, the visiting judge sentenced appellant to two years in prison. Appellant received one hundred thirty-five days credit for time served.
Appellant now appeals, setting forth the following sole assignment of error:
 "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL, IN VIOLATION OF O.R.C. § 2945.72, ET. SEQ."
The dispute centers upon whether the twenty-three day continuance, from April 20 until May 13, 1998, should be charged to appellant, and whether the trial court's continuances on May 26, June 1, and June 2, 1998 were unreasonable.
R.C. 2945.71(C) requires a person charged with a felony to be brought to trial within two hundred seventy days after arrest. If the person is incarcerated, each day incarcerated counts as three days toward the two hundred seventy days. R.C. 2945.71(E). Effectively, a person who is incarcerated must be brought to trial within ninety days after arrest.
The speedy trial time may be extended by certain events, including "the period of any continuance granted on the accused's own motion and the period of any reasonable continuance granted other than upon the accused's own motion." The Ohio Supreme Court, in dealing with the speedy trial requirements of R.C. 2945.72(H), requires that: (1) the granting of a continuance must be recorded by the trial court in its journal entry, (2) the journal entry must identify, although not necessarily formally name, the party to whom the continuance is chargeable, and (3) if the trial court is acting sua sponte, the journal entry must indicate that fact and set forth the reasons justifying the continuance. State v. Pickens (Sep. 18, 1998), Erie App. No. E-98-005, unreported, citing State v. Geraldo
(1983), 13 Ohio App.3d 27, 30-31 and State v. Flowers (Aug. 13, 1998), Lucas App. No. L-92-337, unreported.
Because the day of arrest does not count toward speedy trial time, the starting date for our computations is January 22, 1998. The five-day continuance granted on the second speedy trial day, January 23, 1998, did not count toward speedy trial time because it was necessitated by appellant's lack of counsel. R.C. 2945.72(C). Thus, two speedy trial days had passed when appellant entered his not guilty plea on January 28, 1998. If no further extensions occurred, appellant's trial would have had to have been held on or before April 28, 1998.
When appellant's attorney requested a continuance on April 20, 1998, an additional eighty-two days had passed, for a total of eighty-four days. Because no transcript of the April 20, 1998 proceedings was provided on appeal, appellant's claim that he objected to the continuance in open court cannot be verified. Even though he did not sign the speedy trial waiver, appellant waived his right to a speedy trial for the days between April 20, and the new trial date of May 13, 1998. "[A] defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation, and the defendant is bound by the waiver even though it is executed without his consent." State v. McBreen
(1978), 54 Ohio St.2d 315, 320; State v. Vaughn (1995), 106 Ohio App.3d 775,785-786.
Neither party disputes that the period between May 13 and 26 was tolled by appellant's acquiescence to his attorney's request for additional time. Thus, on May 26, eighty-four days had passed.
May 26, 1996 is the day the trial judge recused herself, although no explanation is given in the journal entry for that recusal. Again, we have no transcript of the proceedings which took place in court that day. In the face of a silent record, we must assume the regularity of the proceedings regarding the judge's reasons for recusal. State v. Render (1975), 43 Ohio St.2d 17, paragraph two of the syllabus. Here, appellant objected to the continuance on May 26, 1998. In our view the trial court's continuance for six days, from May 26 to June 1, 1998, was proper, as there is nothing inherently unreasonable about a trial court's decision to set the length of a continuance according to the court's next available trial date. State v. Harr (1992), 81 Ohio App.3d 244,248.
Consequently, when the parties met again on June 1, no further speedy trial dates passed. The speedy trial days that had passed remained at eighty-four.
Because of this, it is not necessary for us to determine whether the manner in which appellant's trial date was rescheduled two more times on June 1 and 2, 1998 was reasonable. Appellant's plea was accepted on June 3, 1998 by the trial judge who had recused herself eight days earlier on May 26, 1998. This added only three more days to the speedy trial limits. Even if we did find these continuances unreasonable, appellant would have entered his no contest plea on the eighty-seventh day, which is within the time limits of R.C. 2945.71.
Accordingly, appellant's sole assignment of error is found not well-taken.
The judgment of the Erie County Court of Common Pleas is affirmed. Costs are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J._____ _______________________________ JUDGE
James R. Sherck, J._______ _______________________________ JUDGE
Mark L. Pietrykowski, J.__ _______________________________ JUDGE CONCUR.