OPINION AND JUDGMENT ENTRY
This appeal comes to us from the Erie County Court of Common Pleas. There, a jury awarded appellee Joann Reynolds $2,000 for personal injuries she sustained in a 1988 automobile accident. Maintaining that the damage award was inadequate, appellee filed a motion for a new trial, which was granted. Because we conclude that the trial court improperly ruled on appellees' motion, we reverse.
On June 4, 1988, appellee Joanne Reynolds and her husband, appellee David Reynolds, stopped for a traffic light at an intersection in Huron, Ohio. Appellant Vicki Sanders approached appellees' car from behind and slowed her vehicle to approximately five m.p.h. However, appellant was momentarily distracted by a police cruiser and struck appellees' car.
Joann Reynolds ("appellee") claimed that she suffered bodily injury and required ongoing medical treatment as a result of appellant's negligence. Her husband claimed that he suffered loss of his wife's consortium.
Although Mrs. Reynolds did not seek immediate medical attention, she contacted a chiropractor on June 7, 1988; the chiropractor had previously treated her for an earlier neck injury. The chiropractor diagnosed appellee as having suffered hypertension to her cervical spine and administered four chiropractic adjustments in June and three in July. On August 15, 1988, the chiropractor, after administering an additional adjustment, released her from his care with instructions to return as needed. Appellee incurred approximately $400 in chiropractic bills at that point. Appellee saw the chiropractor again in October 1988 and incurred seven additional treatments until May 1989.
In June 1989, a neurologist examined appellee. In the neurologist's opinion, appellee was permanently harmed by the accident; he referred her to physical therapy. In 1990, appellee began treatment with a third doctor. This doctor testified that appellee's post-traumatic fibromyalgia as well as her cervical spine and shoulder injuries were permanent and caused by the accident.
At appellant's request, a fourth doctor performed an independent medical examination of Joann Reynolds in 1991 and
1994. The doctor concluded that appellee had suffered a cervical and possibly a lumbar strain in the accident. That doctor testified that appellee should have fully recovered from that injury in six to eight weeks.
Appellee's husband testified that he incurred out of pocket medical expenses in excess of $20,000. He further testified that his wife was not the same as she had been before the accident. As a result, appellee's husband claimed that the accident diminished the quality of their married life.
Appellant conceded that the accident was her fault, so trial on the issues of proximate cause and damages began on August 7 1995. On August 10, 1995, the jury returned a verdict in favor of appellee Joann Reynolds in the amount of $2,000. It awarded her husband no damages. On November 14, 1995, Judge Maschari entered judgment on the verdicts.
On November 17, 1995, appellees moved for a new trial. Appellees contended that in light of the uncontroverted evidence that appellee Joanne Reynolds had been injured and her husband suffered loss of consortium, the judgment was not sustained by the weight of the evidence; the damages were inadequate and appeared to have been awarded under the influence of passion or prejudice; and the jury failed to follow the trial court's instructions. Appellant filed a memorandum in opposition on November 28, 1995.
No action was taken on the motion until almost three years later.[1] On November 9, 1998, the trial court issued the following judgment entry:
 "Upon consideration of Plaintiff's Motion for New Trial and memoranda in support thereof, and Defendant's memorandum in opposition thereto, the Court grants said motion. IT IS SO ORDERED."
Judge Joseph E. Cirigliano signed the entry.
At appellant's request, the trial court then issued a nunc pro tunc entry, specifying the grounds upon which the new trial was granted. The trial court's entry noted that because appellees had presented uncontroverted evidence regarding Joann Reynold's injuries and how those injuries impacted the lives of both appellees, the award of $2,000 damages was against the manifest weight of the evidence.
Appellant now appeals the trial court's grant of a new trial, setting forth the following single assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING A NEW TRIAL ON THE GROUNDS THE VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THERE WAS AMPLE EVIDENCE TO SUPPORT THE JURY'S UNANIMOUS VERDICTS."
Appellant contends that there was competent and credible evidence to support the $2,000 jury award. Appellant also suggests that the trial court improperly relied on post-judgment briefs, which are not evidence, to decide the motion for new trial.
Appellee responds that the trial court correctly granted a new trial because if the jury awarded any sum to appellee Joanne Reynolds, the jury had to award damages to her spouse for loss of consortium. But see, Botts v. Tibbs (May 24, 1999), Butler App. No. CA98-06-125, unreported, citing Ace SteelBaling Inc., v. Porterfield (1969), 19 Ohio St.2d 137, 138 (a jury is not required to accept evidence merely because it is uncontroverted). Because a trial court has discretion to grant or deny a motion for a new trial pursuant to Civ.R. 59, a reviewing court will reverse a trial court's decision regarding a new trial only if it was unreasonable, unconscionable or arbitrary. Sharpv. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312.
In this case, it is unnecessary for us to determine whether the trial court abused its discretion when it granted a new trial based on the weight of the evidence and an inadequate award of damages. It was error for Judge Cirigliano, who did not preside at the trial three years earlier, to rule on the motion for a new trial without some indication that he reviewed the trial transcript and evidence. See Potocnik v. Sifco Industries, Inc.
(1995), 103 Ohio App.3d 560, 567. We are unwilling to assume the regularity of the proceedings in this case because the record is silent as to whether Judge Cirigliano reviewed a video tape or a written transcript of the trial — a trial which occurred almost three years earlier. Compare State v. Render (1975), 43 Ohio St.2d 17, paragraph two of the syllabus.
In similar circumstances, the Eighth District Court of Appeals determined:
 "A movant for a new trial has the duty to present the evidence necessary to support a motion for a new trial. See Whiston v. Bio-Lab, Inc. (1993), 85 Ohio App.3d 300, 308. Here, the judge did not have the proper evidence before him to determine whether it was error to refuse to submit interrogatories to the jury and in allowing certain evidence. Appellee's motion for a new trial should have been denied because appellee failed to present the necessary evidence." Potonik, 103 Ohio App.3d at 567.
We agree with this rationale. Certainly, there were copies of the depositions of the doctors who had treated or examined appellee Joanne Reynolds in the record. But nothing in the record indicates that Judge Cirigliano had reviewed that testimony, let alone testimony concerning the nature of the accident, proximate causes or damages.
The briefs pertaining to appellees' motion for new trial contained arguments, but not evidence. Arguments of counsel are not evidence. See State v. Palmer (1997), 80 Ohio St.3d 543, 562. Those arguments may have been sufficient to allow the court to decide the motion immediately after the trial while the court still had an independent recollection of the evidence, but those arguments cannot substitute for a review of the evidence three years later by a judge who had not presided over the matter.
Further, although we are aware that the Erie County Court of Common Pleas routinely employs assigned, visiting judges, the record is devoid of any journal entry either appointing or reassigning Judge Cirigliano to this case. Unless a journal entry reassigning a case from one judge to another sets forth a justifiable reason for the transfer, the reassigned judge has no authority and any rulings on a new trial motion are void.Potocnik, 103 Ohio App.3d at 567; see Guidelines for Assignment of Judges[2] 26 and 21 (Feb. 25, 1994 and Mar. 25, 1994), available in 69 Ohio St.3d XCIX, CIV (a copy of the certificate of assignment shall be entered into each case file managed under the assignment of a temporary judge).
Consequently, the motion for new trial should not have been granted absent some indication that a properly assigned judge had reviewed the testimony and evidence presented at trial. As a result, we determine the November 9, 1998 order which granted the motion for new trial is void.
Accordingly, we find appellant's sole assignment of error well-taken.
The judgment of the Erie County Court of Common Pleas is vacated. Costs are assessed to appellees.
JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.
[1] The trial judge's failure to decide this motion for three years, only to pass the case to another judge, is an unconscionable abuse of discretion and an illustration of the adage, "justice delayed is justice denied." See In re Smith (Nov. 21, 1991), Ottawa App. No. 91-0T-046, unreported; Cellars v.McKinnon (Sep. 1, 1989), Trumball App. No. 4046, unreported.
[2] The Guidelines have not been adopted as rules pursuant to Section 5, Article IV, of the Ohio Constitution.