OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sandusky Municipal Court which found against appellant on her complaint for return return of the security deposit she paid appellees when she rented an apartment from them and for appellees on their counterclaim for unpaid rent, late fees and other damages. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT ERRED BY NOT ALLOWING TESTIMONY CONCERNING AN AMBIGUOUS TERM OF THE CONTRACT."
The facts that are relevant to the issues raised on appeal are as follows. On November 15, 1994, appellant entered into a written lease agreement with appellees Sonny and Sue Ann Schonhardt for the rent of an apartment. At that time, appellees were paid a security deposit of $500. The lease was for one year, to begin on December 1, 1994 and terminate on December 1, 1995. At the end of the first year, appellant held over as a month-to-month tenant per Item 17 of the lease, which provided:
 "17. Holdover by Lessee. Should Lessee remain in possession of the demised premises with the consent of Lessor after the natural expiration of this lease, a new month-to-month tenancy shall be created between Lessor and Lessee which shall be subject to all the terms and conditions hereof but shall be terminated on ______ [sic] days' written notice served by either Lessor or Lessee on the other party."
For reasons not made clear in the record or the briefs, neither party filled in the blank space under Item 17 as indicated above. On November 10, 1996, appellant vacated the apartment. She paid appellees rent through that date only, refusing to pay for the balance of the month. Appellant requested repayment of the security deposit and, after appellees refused, she filed a complaint demanding the return of the deposit. Appellees filed a counterclaim for the balance of the November rent, a $3 per day late fee and other damages.
On October 28, 1998, the case came to trial. During trial, appellant attempted to testify that appellees orally gave her permission to vacate the premises on November 10, 1996, as opposed to November 30, 1996, but the trial court ruled that such evidence was inadmissible. In its judgment entry filed December 18, 1998, the trial court concluded that appellant owed appellees rent of $340 for the balance of November 1996, and a late fee of $60, and found for appellees on appellant's complaint. The trial court further found that appellees had proven their counterclaim and awarded them back rent and late fees in the amount of $400 as well as $100 for damages to the leased premises. Since the amount awarded to appellees equaled the amount of the security deposit, the trial court found that appellees were entitled to keep the security deposit.
Appellant asserts in her sole assignment of error that the trial court erred by ruling that her proposed testimony as to an oral agreement between the parties was inadmissible. This court has reviewed the entire record of proceedings in this case and we find that appellant has failed to provide us with a transcript of the trial. Pursuant to App. R. 9(B), it is the duty of the appellant to order from the court reporter a complete transcript or a transcript of the parts of the proceedings appellant considers necessary for inclusion in the record and to have the transcript prepared and filed. See also State ex rel.Montgomery v. R D Chem. Co. (1995), 72 Ohio St.3d 202. In this case, without a copy of the transcript of the trial, this court is required to affirm the judgment of the trial court. State v.Render (1975), 43 Ohio St.2d 17. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Sandusky Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J. _______________________________ JUDGE James R. Sherck, J. _______________________________ JUDGE Richard W. Knepper, J. _______________________________ JUDGE
CONCUR.