OPINION
Defendant/appellant Larry S. Waddell appeals his conviction and sentence from the Municipal Court of Delaware County on one count of driving while under the influence, in violation of R.C.4511.19(A)(1). Plaintiff/appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE, Appellant was charged with one count of Driving While Under the Influence [hereinafter DUI], a violation of R.C. 4511.19(A)(1), and one count of Parking on Highways, in violation of R.C. 4511.66, on November 5, 1998. Appellant refused to take a breath test. On November 13, 1998, appellant entered a plea of not guilty. The matter proceeded to trial. The trial was conducted on April 13, 1999. As to the count of DUI, the jury returned a verdict of guilty. This constituted appellant's second DUI conviction. The court found defendant not guilty of the charge of a parking violation. In a Judgment Entry filed April 13, 1999, appellant was sentenced to thirty days in the Delaware County jail. Said sentence to commence forthwith. In addition, the court imposed a $300.00 fine plus court costs. Appellant's driver's license was suspended for a period of three years for the DUI conviction and his license plates and vehicle registration were revoked pursuant to R.C. 4507.164. It is from this conviction and sentence that the appeal is taken. On April 22, 1999, appellant, acting pro se, sent a letter to the trial court which stated that he "officially requested an appeal." This letter was treated by the trial court as a notice of appeal. In this letter, appellant outlined three issues that he believed constituted reasons for appeal. A letter from appellant was filed on April 28, 1999, in which appellant requested that he be released from jail while the appeal was pending. The trial court, on April 30, 1999, set appeal bond at $5,000.00. Appellant posted appeal bond on April 30, 1999. In a letter from appellant, filed April 30, 1999, appellant requested that the trial court assign a "public defender" to handle his appeal. On May 12, 1999, appellant, through counsel, filed a Notice of Appeal and Instructions to Court Reporter, and Clerk to Prepare Transcript for Appeal, and a Motion to Stay [Execution of Sentence] Pending Appeal. On June 1, 1999, the Transcript of Docket and Journal Entries, Exhibits and Certified Copy of the Video-tape Record was transmitted to this court. Appellant's counsel pursued appellant's appeal based upon the three assignments of error as stated in the pro se notice of appeal filed by appellant. The following assignments of error were raised:
 ASSIGNMENT OF ERROR I IT WAS ERROR TO ALLOW A JUROR TO REMAIN ON THE JURY PANEL WHEN THAT JUROR WAS A FRIEND OF THE PROSECUTOR.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN INSTRUCTING THE JURY SUCH THAT A UNANIMOUS VERDICT WAS REQUIRED.
 ASSIGNMENT OF ERROR III THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN WITNESSES WERE NOT CALLED.
 I.
In appellant's first assignment of error, appellant contends that a juror was allowed to remain on the panel even though the juror appeared to be friends with the prosecutor. Appellant's brief does not indicate what transpired in regards to this juror, identified only as juror number 6. It is the duty of the appellant to ensure that the record, or the portions necessary for the determination of the appeal, are filed in the court in which he seeks appeal. State v. Render (1975), 43 Ohio St.2d 17. If the necessary transcript is not provided, a reviewing court, upon appeal, is required to dismiss the appeal or affirm the judgment of the trial court. Id. at 21. "When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." App. R. 9(A). In this case, the transcript of proceedings was presented to this court in videotape form but no typed or printed transcript of relevant portions of the videotape was provided. This court has not been provided the portion of the record necessary to determine the question presented and, therefore, we must presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant argues that the trial court committed error when it instructed the jury that a unanimous verdict was required. We disagree. Neither appellant nor appellee cite to an objection to the jury instructions by defense counsel. Failure to object to jury instructions waives all but plain error. State v. Bey (1999), 85 Ohio St.3d 487, 497, 709 N.E.2d 484. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus, State v. D'Ambrosio (1993), 73 Ohio St.3d 141, 144. In this case, no typed or written transcript of the verbal jury instructions was provided for our review. However, the record does include written jury instructions, filed by the trial court. Since these written jury instructions are the only jury instructions in the record, these written jury instructions will be considered and reviewed. The written instructions included the following: "Consult with one another, consider each other's views and deliberate with the objective of reaching an agreement, if you can do so, without disturbing your own individual judgment. Each one of you should decide this case for yourselves, but you must do so only after a discussion and consideration of the case with your fellow jurors.
Do not hesitate to change an opinion if you are convinced it is wrong. However, you should not surrender honest convictions in order to be congenial or reach a verdict solely because of the opinion of other jurors.
After you retire, if you need to contact the court, write your specific request, light the yellow light switch and give it to the bailiff and we will respond to it as quickly as possible. . . .
Verdict Must Be Unanimous: Now, until your verdict is announced in open court, you are not to disclose to anyone the status of your deliberations or the nature of your verdict. After your retire and have selected a foreperson, when all eight of you unanimously agree on a verdict, you will sign the verdict form in ink, writing in the appropriate findings in ink, and you will notify us by lighting the green light switch.
Jury Instructions filed April 13, 1997, p. 6 (emphasis original).
We find no error in these instructions. While the words "Verdict Must Be Unanimous" were typed in bold in the written instructions, this is an accurate statement of law. Crim.R. 31. Further, we find the court gave the jury a balanced set of instructions. The court instructed the jury to consider each other's opinions but cautioned that one should "not surrender honest convictions in order to be congenial or reach a verdict solely because of the opinion of other jurors." Appellant seems to suggest that it was plain error for the trial court to fail to give jury instructions on the possibility of a hung jury. We find that the jurors were instructed, as stated above, to not surrender their convictions solely to reach a unanimous verdict and were instructed as to how to contact the court with questions should any arise during deliberations. We find no plain error in the trial court's instructions. Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant states that his counsel failed to call witnesses favorable to his defense. Appellant's counsel concedes that this issue may be premature absent appellant filing a petition for post-conviction relief, pursuant to R.C. 2953.21. Appellant does not state what witness should have been called nor why. There is no evidence in the record as to what any such witness would have testified to had they been called. As such, we find no showing of prejudice. Therefore, we find no reversible error. Appellant's third assignment of error is overruled.
For the reasons set forth above, the Judgment of the Delaware County Municipal Court is affirmed.
By EDWARDS, J. WISE, P.J. and HOFFMAN, J. concurs.