[Cite as *Hamm v. Jones*, 2018-Ohio-4948.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| REBEKAH HAMM, | : | **O P I N I O N** |
| Plaintiff, | : | |
| ASHTABULA COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, | : | **CASE NO. 2018-A-0047** |
| | : | |
| Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| KIERAN I. JONES, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Juvenile Division.
Case No. 2011 JI 00259.

Judgment: Modified and affirmed as modified.

*Terry C. Weddleton*, Ashtabula County Child Support Enforcement Agency, 2924 Donahoe Drive, Ashtabula, OH 44004 (For Appellee).

*Rebecca R. Grabski*, 206 South Meridian Street, Suite B, Ravenna, OH 44266 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}   Appellant, Kieran I. Jones, appeals from the May 16, 2018 judgment entry of the Ashtabula County Court of Common Pleas, Juvenile Division. Appellant was ordered to serve 30 days in jail with 15 days suspended for his failure to pay child support. The trial court's judgment is modified and affirmed as modified.

{¶2} On October 24, 2011, upon a motion filed by appellee, the Ashtabula County Child Support Enforcement Agency ("ACCSEA"), the Ashtabula County Court of Common Pleas, Juvenile Division, issued an order for child support consistent with the ACCSEA's August 3, 2011 administrative order. Appellant was ordered to pay child support for his minor child, K.J., in the amount of $225.30 per month plus administrative fees, commencing September 3, 2011.

{¶3} Pursuant to a motion to modify support filed by ACCSEA, on April 22, 2014, the trial court adopted an administrative order modifying appellant's support obligation. The trial court ordered that commencing February 1, 2014, appellant pay child support in the amount of $185.93 per month. The trial court further ordered appellant pay "$37.19 plus 2% processing charge towards the arrears until all arrears are paid in full."

{¶4} On May 5, 2014, ACCSEA filed a motion to show cause, requesting the trial court order appellant to show cause why he should not be held in contempt for his failure to pay his child support obligation. As of April 10, 2014, appellant owed $6,916.72 in arrears. Appellant was ordered to appear on July 8, 2014, to answer the charge of contempt. A warrant was issued for his arrest after appellant failed to appear.

{¶5} Appellant was arrested, and on April 27, 2015, a hearing before the magistrate was held to address the motion to show cause. After being advised of his rights, appellant waived his right to counsel. The parties reached an agreement during the hearing which was later set forth in a magistrate's decision filed July 7, 2015. The magistrate's decision states, in pertinent part:

> 1. [ACCSEA] shall reinstate Obligor's driver's license, immediately, and shall not re-suspend during the purge period.

2

2. That Obligor be found in contempt for failure to pay support as ordered.

3. That Obligor be found in default of his support obligation in the amount of $8235.76 including processing charges, as of 3/31/15.

4. That the current order of support is $185.93 per month plus processing charge.

5. That Obligor be permitted to purge himself of contempt by paying $37.19 per month towards arrears in addition to current support as ordered. The purge period shall commence 5/1/15. A purge hearing shall be set every 90 days for 9 months. If Obligor fails to pay as ordered during purge period, the matter shall be set for sentencing.

ACCSEA reserves the right to move for earlier sentencing hearing if Obligor fails to pay as ordered for over 30 consecutive days during the purge period. However, if the Obligor is laid off due to no fault of his own, he shall avoid jail time by providing documentation that the layoff was not his fault and by seeking work at twenty (20) places per month and keeping lists of his efforts to present to the court at hearing. [Emphasis removed.]

**{¶6}** After neither party filed objections, the trial court adopted the magistrate's decision on August 6, 2015.

**{¶7}** A purge hearing was held on September 30, 2015, at which neither party appeared. In a magistrate's order filed October 21, 2015, the magistrate found appellant failed to make payments required to purge himself of contempt for the purge period. However, the magistrate rescheduled the purge hearing for January 13, 2016, due to appellant's multiple pending criminal cases.

**{¶8}** A magistrate's order filed on February 13, 2016, indicates the parties failed to appear for the January 13, 2016 hearing. The order further states: "Obligor has failed to make the payments required to purge himself of contempt for this purge period. Obligor failed to seek work as ordered, or at least failed to prove he sought work. He is incarcerated now, but with credit for time served, will be released in about 10 months.

3

Accordingly, the Magistrate will keep it on her docket." The purge hearing was rescheduled for December 21, 2016.

{¶9} The parties again failed to appear at the rescheduled hearing. A magistrate's order filed on January 23, 2017, states: "Obligor has failed to make the payments required to purge himself of contempt for this purge period. He was released from prison on 8/16/16." The magistrate set a sentencing hearing for March 29, 2017.

{¶10} Appellant failed to appear for the sentencing hearing, and a warrant was issued for his arrest. A magistrate's order filed March 29, 2017, states: "The ACCSEA reports that the Obligor owes $12,805.12 as of March 29, 2017 inclusive of the administrative fee. The ACCSEA reports that the Obligor has failed to pay child support as ordered and failed to appear today to explain what he has completed since release from prison on August 16, 2016."

{¶11} Appellant appeared on his own on April 12, 2017, for sentencing. The trial court's judgment entry filed the same day, states: "The ACCSEA reports that the Obligor owes $12,995.51 as of April 10, 2017 inclusive of administrative fee. The ACCSEA reports that the Obligor has failed to make any payment of child support as ordered since March 2015." Appellant provided documentation indicating he was employed but was not working due to a non-work-related injury. Appellant was ordered to make his child support payments once he resumed work. The matter was rescheduled for a "Review of Sentencing" on August 23, 2017, "to assure payments are made."

{¶12} Appellant appeared for the sentencing hearing on August 23, 2017. A judgment entry filed by the trial court on the same day states: "The ACCSEA reports that the Obligor owes $13,587.07 as of August 21, 2017 inclusive of administrative fee. The

ACCSEA reports that the Obligor has made some small payments while he is attending school to complete his CDL[.] * * * The Obligor also submitted evidence that he was on medical leave for hernia surgery for 9 weeks commencing April 17, 2017." The matter was rescheduled for a "Review Sentencing" on December 13, 2017. Appellant was ordered to "bring to Court proof of his CDL progress and his Seek Work Lists where he has applied for employment."

{¶13} Appellant failed to appear on December 13, 2017. The trial court's judgment entry states that the ACCSEA reported that appellant owed $14,298.63 "as of December 13, 2017 inclusive of administrative fee." Appellant had made "some small sporadic payments but failed to pay as ordered and failed to appear today and explain." A warrant was issued for appellant's arrest.

{¶14} A judgment entry filed on February 1, 2018, states that on January 19, 2018, appellant filed for a modification of child support. The matter was scheduled for a modification review hearing on April 4, 2018. The trial court further ordered that appellant "address the issue of the outstanding warrant that was issued in this matter on December 13, 2017, for failure to appear for Child Support hearing, and comply with child support order."

{¶15} On February 8, 2018, appellant turned himself in on the warrant issued in December 2018. The ACCSEA reported that appellant owed $14,489.02 as of January 31, 2018, and that appellant failed to pay any child support since September 18, 2017. The court scheduled the matter for a sentencing hearing on May 16, 2018.

{¶16} On April 4, 2018, appellant failed to appear for the modification review hearing, and his motion for modification was dismissed.

5

{¶17} Appellant appeared for the May 16, 2018 sentencing hearing with counsel. The trial court's judgment entry filed the same day indicates ACCSEA reported that appellant owed $14,490.19 as of April 30, 2018; appellant had made partial payments since "the last hearing"; and appellant was employed part-time. The judgment entry further states; in part:

> The Court hereby sentences the Obligor * * * to serve 30 days in the Ashtabula County Jail for failure to support his child, with 15 days suspended. The remaining 15 days shall be furloughed and Obligor is ordered to report to the Ashtabula County Jail on October 2, 2018 at 9:00 a.m. to serve his sentence. * * *
>
> The Obligor may request an Extension of a Jail Report date by filing a Motion with proof of payment no less than thirty (30) days prior to the jail report date if he has paid future child support as ordered. * * * The mere filing of such a Motion shall NOT serve to excuse any failure to report to jail. * * *

{¶18} Appellant noticed a timely appeal. He asserts two assignments of error, which we address together. The assignments of error state:

> [1.] The trial court abused its discretion by finding Appellant-Obligor in contempt for failure to support his child.
>
> [2.] The trial court committed reversible error in finding Appellant-Obligor in contempt as it was against the manifest weight of the evidence presented at the hearing.

{¶19} In his appellate brief, appellant states: "On May 16, 2018, the Ashtabula County Court of Common Pleas, Juvenile Division, held a sentencing hearing on whether or not [appellant] was in contempt of a court order."[1] Under his first assignment of error,

---

1. Appellant's brief makes no reference to the trial court's finding of contempt in the August 6, 2015 judgment entry. Appellant addresses the motion to show cause filed May 5, 2014, by stating: "A Motion to Show Cause was filed May 2, 2014 by ACCSEA for Appellant-Obligor's failure to pay child support to which Appellant-Obligor did not appear. A warrant was issued for his arrest on July 24, 2014. Appellant-Obligor was picked upon on the warrant and released on April 27, 2015. The pending Motion to Show Cause was resolved and a Purge hearing was set for December 22, 2016."

6

appellant maintains that the trial court made a finding of contempt at the May 16, 2018 sentencing hearing and failed to order purge conditions. In his second assignment of error, appellant maintains the finding of contempt made on May 16, 2018, was against the manifest weight of the evidence because appellant was making partial payments. Appellant further argues that at the May 16, 2018 hearing, he was not afforded an opportunity to rebut the allegations against him and present the defense of inability to pay.

**{¶20}** Appellee contends appellant's arguments "must be rejected" because the finding of contempt was not made in the May 16, 2018 judgment entry which is the subject of this appeal. Appellee maintains appellant agreed to the finding of contempt, reflected in the July 7, 2015 magistrate's decision, which was adopted by the trial court in its August 6, 2015 judgment entry.

**{¶21}** Appellant failed to file a transcript of the May 16, 2018 sentencing hearing. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) (citation omitted). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.* The judgment of the trial court must stand unless the errors alleged on appeal are apparent on the face of the judgment entry. *State v. Render*, 43 Ohio St.2d 17, 21 (1975).

{¶22} The record reflects that the trial court made a finding of contempt in its August 6, 2015 judgment entry. Subsequently, multiple magistrate's orders were filed indicating appellant failed to meet his purge conditions. The magistrate ultimately scheduled a sentencing hearing. Multiple sentencing hearings were held. The judgment entry from each sentencing hearing reflects the trial court repeatedly addressed appellant's continuing failure to pay child support. However, the May 16, 2018 judgment entry does not state that a second finding of contempt was made. The record does not support appellant's assigned errors that assumes a second finding of contempt.

{¶23} Appellant's first and second assignments of error are without merit.

{¶24} However, the trial court's May 16, 2018 judgment entry is unclear about whether appellant was sentenced for the finding of contempt from August 6, 2015, or whether he was sentenced for nonpayment of support that occurred after the contempt finding. The trial court was not permitted to punish appellant for conduct that occurred after the initial finding of contempt without making a new contempt finding. *See Kungle v. Kungle*, 5th Dist. Stark No. 2006CA00367, 2007-Ohio-4929, ¶20-21. "'[A]ny effort to punish a future violation of the support order would require new notice, hearing, and determination.'" *Id.* at ¶20, quoting *Tucker v. Tucker*, 10 Ohio App.3d 251, 252 (10th Dist.1983). Accordingly, the May 16, 2018 judgment is affirmed to the extent it punishes appellant pursuant to the finding of contempt in the August 6, 2015 judgment entry for nonpayment of child support as of March 31, 2015. The record is clear the trial court found appellant failed to pay child support prior to the entry of contempt on August 6, 2015, and appellant did not appeal from or otherwise challenge that order. The May 16,

2018 judgment entry is modified to clarify that appellant is sentenced pursuant to the finding of contempt of August 6, 2015, which contempt occurred prior to that date.

{¶25} The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is modified and affirmed as modified.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

9