The STATE of Ohio, Appellant,

v.

BELL, Appellee.

[Cite as *State v. Bell* (1992), 78 Ohio App.3d 781.]

Court of Appeals of Ohio,
Scioto County.

No. 1978.

Decided March 23, 1992.

R. *Randolph Rumble*, Scioto County Assistant Prosecuting Attorney, for appellant.

*George L. Davis III*, for appellee.

GREY, Judge.

This is an appeal from a judgment of the Scioto County Court of Common Pleas dismissing a grand theft charge against Robert S. Bell on double jeopardy grounds. We affirm.

The state of Ohio filed a timely notice of appeal on May 31, 1991. On June 19, 1991 the state filed a statement of proceedings pursuant to App.R. 9(C). On June 27, 1991 Bell filed objections to that statement.

App.R. 9(C) permits the parties to submit a statement of evidence or proceedings when no report of evidence or proceedings was made. The appellant prepares such a statement and serves it upon the appellee, no later than twenty days prior to the transmission of the record. The appellee may make any objections, after which it is submitted to the trial court for settlement and approval.

There was no transcript of the pretrial hearing or on Bell's motion to dismiss. The prosecutor submitted a statement of proceedings pursuant to App.R. 9(C). Counsel for defendant filed objections. However, the statement was not settled and approved by the trial court for transmission. The state has failed to perfect the record on appeal.

We now turn to whether we are able to decide this appeal based on what has been presented to the court in the record. The state assigns the following error for review on appeal:

"The trial court erred to the prejudice of appellant by granting defendant-appellee's motion to dismiss the indictment on double jeopardy grounds."

The duty to provide a transcript for appellate review falls upon the appellant. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. The appellant bears the burden of showing error by reference to matters in the record. *State v. Skaggs* (1978), 53 Ohio St.2d 162, 7 O.O.3d 243, 372 N.E.2d 1355. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the

reviewing court has nothing to pass upon, and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm the judgment. *Knapp, supra.* Absent the parties' statement of the facts in their briefs there is nothing in the record which allows this court to determine what actually happened at the trial court level. Thus, pursuant to *Knapp, supra,* we must presume the validity of the lower court's proceedings and affirm the decision of the trial court dismissing the grand theft charge against Bell on double jeopardy grounds.

Although we do not reach the merits in this case because of the lack of approval of the proposed statement by the trial court, we feel a comment is necessary on appellant's reliance on *State v. Powell* (July 26, 1990), Cuyahoga App. No. 59041, unreported, 1990 WL 104953.

What occurred in this case, and in *Powell,* is a common event in municipal courts. Often at the defendant's initial appearance the charge will be reduced from a felony to a misdemeanor and a guilty plea entered. It is, of course, required that a new complaint be filed, but in practice this sometimes does not happen. It is nothing more than a bookkeeping error resulting, no doubt, in part from the enormous volume of cases these courts handle.

Appellant in this case would use this simple bookkeeping error to defeat the Fifth Amendment double jeopardy protections. The defendant who has entered his plea of guilty and accepted his sentence is denied the right against double jeopardy because of the failure of the municipal court to follow proper procedures. The *Powell* court approved of this, but that decision creates some very difficult problems.

If the municipal court had no jurisdiction, then surely the judge had no authority to sentence the defendant. Nonetheless, the municipal judge, acting under color of state law, fined Bell $300 and put him in jail for ten days, five days suspended, which would be rather substantial grounds for Sections 1983 or 1984, Title 42, U.S.Code civil rights actions.

The argument of the state of Ohio results in this whole matter being blown out of proportion. We should not mess with the Constitution, nor expose hard-working municipal judges to liability, nor inflate a technical, paperwork mistake into a lack of jurisdiction. We neither adopt nor reject the holding in *Powell, supra,* but note that it has substantial problems.

The assignment of error is not well taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON, P.J., and PETER B. ABELE, J., concur in judgment only.