OPINION
Appellant Freddie A. Sams appeals the October 13, 1999 judgment entry of the Court of Common Pleas, Richland County, overruling his pre-sentence motion to withdraw a "no contest" plea. The facts leading to this appeal are as follows. On July 10, 1998, the Richland County Grand Jury indicted appellant on one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01 and R.C. 2941.141. On September 4, 1998, appellant pled "no contest" pursuant to a plea agreement. The agreement involved appellant taking a polygraph test administered in Columbus by the Ohio Highway Patrol; i.e., if appellant failed the test, the trial court would find appellant guilty and sentence him accordingly; if appellant passed the test, the state would dismiss the charge. Appellant's then-counsel advised against the plea arrangement. On September 18, 1998, appellant took the polygraph test and failed. On September 25, 1998, appellant filed a motion to withdraw his plea. By judgment entry filed October 13, 1998, the trial court denied said motion and set a sentencing hearing for October 15, 1998. On said date, the trial court found appellant guilty and sentenced him to five years in prison with an additional three-year term for the firearm specification. Appellant filed an appeal from that decision, resulting in a remand by this Court for the purpose of conducting an evidentiary hearing. See State v. Sams (Aug. 18, 1999), Richland App. No. 98CA98, unreported (Sams I). The trial court thus duly set the withdrawal of plea motion for an evidentiary hearing on September 29, 1999. On October 13, 1999, the trial judge issued a decision finding that the plea agreement involving the polygraph was binding, and that appellant would not be permitted to withdraw his plea of no contest. Appellant filed a notice of appeal therefrom on November 12, 1999. Appellant herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRONEOUSLY DENIED THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA, ALLOWING A POLYGRAPH EXAMINATION INSTEAD TO BE THE SOLE DETERMINING FACTOR REGARDING THE DEFENDANT'S GUILT OR INNOCENCE.
 I.
Appellant challenges the trial court's refusal to allow him to withdraw his prior plea. Crim.R. 32.1 governs withdrawal of pleas and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." As noted in State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Appellate review of a trial court's denial of a motion to withdraw a guilty plea is limited to a determination of abuse of discretion. Xie, paragraph two of the syllabus. That is, we review whether the trial court's decision is unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Maurer (1984), 15 Ohio St.3d 239, 250. The court in State v. Peterseim (1980), 68 Ohio App.2d 211, paragraph three of the syllabus, explained that a trial court does not abuse its discretion when it denies a motion to withdraw a guilty plea where: (1) the accused was represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea; (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. However, our analysis under an abuse of discretion standard in this matter is severely encumbered by the lack of a transcript of the September 29, 1999 evidentiary hearing, a proceeding mandated by this Court pursuant to Sams I. The duty to provide a transcript for appellate review falls upon the appellant. State v. Bell (1992), 78 Ohio App.3d 781, 782. The appellant bears the burden of showing error by reference to matters in the record. State v. Skaggs (1978), 53 Ohio St.2d 162. The crux of appellant's assignment of error is that "[t]he duress of incarceration with an opportunity to be free resulted in great undue influence * * *" during plea bargaining. Appellant's Brief at 5. This contention requires that we review the evidence presented at the aforesaid evidentiary hearing. As a plea bargain is in the nature of a contract (State v. Butts (1996), 112 Ohio App.3d 683,686), we have no grounds upon which to rely, from this limited record, to hold that the trial court abused its discretion in binding both parties to the original plea arrangement. Appellant's Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Richland County, is hereby affirmed.
 ________________________ Wise, J.
By: Gwin, P.J., and Wise, V. J., concur.