OPINION
Defendant-appellant Robert Moore appeals from the June 1, 2001, Judgment Entry of the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 21, 2000, the Muskingum County Grand Jury indicted appellant on one count each of rape (Count one) in violation of R.C. 2907.02(A)(2), a felony of the first degree, kidnaping (Count two) in violation of R.C.2905.01(A)(4), a felony of the first degree, kidnaping (Count three) in violation of R.C. 2905.01(A)(2), a felony of the second degree, and felonious assault (Count four) in violation of R.C. 2903.11(A)(2), a felony of the second degree. The charges in the indictment related to a forcible rape and kidnaping during which a knife was allegedly held to the victim's throat. At his arraignment on June 28, 2000, appellant entered a plea of not guilty to the charges contained in the indictment.
Thereafter, on February 1, 2001, the scheduled trial date[1], appellant appeared in court and entered a plea of guilty to the charges contained in Counts one, three and four of the indictment. A written "Plea of Guilty" signed by appellant was filed the same day. In exchange for appellant's guilty plea, the State agreed to nolle count two of the indictment and to recommend that appellant receive an aggregate prison sentence of ten years. Sentencing was deferred until March 12, 2001 so that a pre-sentence investigation could be conducted by the Adult Probation Department.
At his sentencing hearing on March 12, 2001, appellant made an oral motion to withdraw his guilty plea. As memorialized in a Judgment Entry filed on March 14, 2001, the trial court ordered appellant to file a written motion with the court and, for such reason, continued appellant's sentencing hearing. On March 22, 2001, appellant filed a written Motion to Withdraw Guilty Plea with the trial court, alleging as follows: "Defendant [appellant] has had an opportunity to review the evidence which will be presented against him at trial. The Defendant originally agreed to enter his plea but has now become concerned with whether the fact that there is no DNA evidence regarding DNA on the knife would be an issue sufficient to allow a jury to find an acquittal." A memorandum in opposition to appellant's motion was filed by appellee on April 5, 2001.
Appellant appeared before the trial court again on April 16, 2001. When asked by the trial court why he wanted to withdraw his guilty plea, appellant indicated to the trial court that "he had been told by certain persons that the victims[2] herein had planned a `frame-up' of the Defendant." See Trial Court's April 19, 2001, Judgment Entry. Pursuant to a Judgment Entry filed on April 19, 2001, the trial court continued the matter for twenty one days to permit appellant's counsel to investigate and file a written report with the trial court regarding any evidence of such a `frame-up'. In a memorandum to the trial court dated May 7, 2001, appellant's counsel indicated that he had "attempted to review this matter at length, including attempts to uncover alleged witnesses . . . and have been unable to discover any witnesses, which (sic) would assist Mr. Moore [appellant] in his defense." Subsequently, the trial court, as memorialized in a May 9, 2001, Journal Entry, denied appellant's Motion to Withdraw Guilty Plea, holding, in part, as follows:
 After carefully considering the facts in this case the Court can come to only one conclusion and that is that the defendant has had a change of heart regarding his pleas. There is no new evidence, no showing that the defendant was mislead into pleading, no evidence that the defendant did not enter his pleas knowingly and voluntarily. It is apparent from reviewing the defendant's prior criminal history that he is very familiar with the criminal justice system, and with that knowledge knew the consequences of his guilty pleas.
Thereafter, on May 14, 2001, appellant was sentenced to an aggregate prison sentence of thirteen years. A Judgment Entry outlining appellant's sentence was filed on June 1, 2001. Pursuant to a separate Judgment Entry filed the same day, the trial court adjudicated appellant a sexual predator.
It is from the trial court's June 1, 2001, Judgment Entry that appellant now prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT HEREIN ERRED BELOW BY NOT ALLOWING DEFENDANT-APPELLANT TO WITHDRAW HIS PLEA PRIOR TO SENTENCING.
 I
Appellant, in his sole assignment of error, argues that the trial court erred in denying appellant's Motion to Withdraw Guilty Plea, which was filed prior to sentencing.
Crim.R. 32.1, which governs withdrawal of pleas, states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." As noted in State v. Xie (1992),62 Ohio St.3d 521, paragraph one of the syllabus, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing."
Appellate review of a trial court's denial of a motion to withdraw a guilty plea is limited to a determination of abuse of discretion. Xie,
paragraph two of the syllabus. That is, we review whether the trial court's decision is unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Maurer (1984),15 Ohio St.3d 239, 250. Case law establishes that a presentence motion to withdraw a guilty plea shall be "freely" and "liberally" granted.Xie, supra. at 526-527. However, this does not mean that a Motion to Withdraw a Guilty Plea will be automatically granted. See State v. Drake
(1991), 73 Ohio App.3d 640, 645.
Some of the factors that are weighed in considering the trial court's decision on a presentence motion to withdraw a plea are as follows: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. See State v. Griffin (2001), 141 Ohio App.3d 551, 554.
In the case sub judice, appellant pleaded guilty on February 1, 2001, to the charges contained in Counts one, three and four of the indictment. There is no evidence, nor does appellant argue, that the trial court failed to comply with the dictates of Crim.R. 11 in accepting appellant's plea. At the sentencing hearing on March 12, 2001, appellant orally indicated to the trial court that he wished to withdraw his guilty plea. In his written Motion to Withdraw Guilty Plea, which was filed on March 22, 2001, appellant stated that he wished to withdraw his plea over concerns regarding the lack of DNA evidence. The trial court then scheduled a hearing on such motion for April 16, 2001. Our analysis under an abuse of discretion standard in this matter is encumbered by the lack of a transcript of the April 16, 2001, hearing. The duty to provide a transcript for appellate review falls upon the appellant. State v. Bell
(1992), 78 Ohio App.3d 781, 782. The appellant bears the burden of showing error by reference to matters in the record. State v. Skaggs
(1978), 53 Ohio St.2d 162.
However, while there is no transcript of the April 16, 2001 hearing, the trial court, in its April 19, 2001 entry, stated as follows:
 . . . The Court questioned the Defendant with respect to the plea form he voluntarily signed on February 1, 2001, pleading guilty to the offenses stated herein. The Defendant acknowledged that he had read and was aware of the contents of said plea form, and did voluntarily sign the same, whereby acknowledging his guilt. The Court thereupon inquired of he [sic] Defendant his reason for requesting to withdraw this plea. The Defendant indicated to the Court that he been [sic] told by certain persons that the victims herein had planned a "frame-up" of the Defendant. The Court thereupon continued this matter for a period of twenty-one (21) days from the date of this hearing to permit Defendant's counsel to investigate and file with this Court a written report regarding any evidence of a frame-up of the Defendant by said victims.
In accordance with the trial court's order, appellant's counsel, on May 7, 2001, filed a memorandum in which he indicated that he was unable to discover any witnesses that would assist appellant in his defense. In short, while appellant initially indicated that he wanted to change his plea based on the lack of DNA evidence, he then abandoned such direction and argued, instead, that he was the victim of a frame-up. However, although he was granted time to produce evidence supporting the alleged `frame-up', appellant was unable to do so.
In sum, under the totality of the circumstances surrounding the appellant's motion to withdraw his guilty plea, we cannot say that the trial court abused its discretion in denying the same. Appellant made a decision to plead guilty on the day of his scheduled trial, after ongoing plea negotiations with the state which, in exchange for appellant's plea, agreed to nolle one of the counts and to recommend a ten year prison sentence. At the plea hearing, the trial court determined that appellant understood the implications of a guilty plea and what rights he was waiving by pleading guilty. Appellant, who was represented by competent counsel, was also afforded an opportunity to fully articulate the reasons behind his desire to withdraw his plea and to produce evidence supporting his claim of a `frame-up'. However, appellant offered no evidence in support of his claim for the court to take into consideration. Therefore, the ruling by the trial court did not constitute an abuse of discretion since such decision was not arbitrary, unconscionable or unreasonable. A mere change of heart is not sufficient to serve as the basis for a motion to withdraw a plea prior to sentencing. See Drake,supra. at 645.
Appellant's sole assignment of error is, therefore, overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed.
Costs to appellant.
Hon. Julie Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John Boggins, J. concur.
[1] A written "Speedy Trial Waiver" signed by appellant was filed on August 16, 2000.
[2] Count three of the indictment (kidnaping) involved three victims.