OPINION
This is an appeal from a decision of the Licking County Court of Common Pleas, Domestic Relations Division relative to a determination of custody and motions connected therewith.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED, AS A MATTER OF LAW, AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTIONS.
 STATEMENT OF THE FACTS AND CASE
The parties to this cause were married on September 18, 1991 with two children born thereof: Montana Skylar Murray (D.O.B. 8/15/94) and Luke John Patrick Murray (D.O.B. 3/15/96).
A divorce terminated such marriage on November 12, 1996.
Appellee was named as residential parent with visitation provided to appellant with child support established. Such support was modified on October 1, 1999.
On December 4, 2000 appellee gave notice of her intent to relocate to California.
Following such notice, appellant filed for an emergency ex parte order and for permanent custody.
A Magistrate's decision granted the ex parte request with appellee obtaining physical custody of the children in California.
A subsequent evidentiary hearing was held on January 10, 2001 with theex parte order vacated by the Magistrate.
No objections were filed to the Magistrate's decision pursuant to Civil Rule 53(E)(3), Domestic Relations Rule 9 and, therefore, such was adopted by the trial court on January 30, 2001.
A second notice to relocate was filed by appellee on January 23, 2001.
On July 16, 2001 appellee's counsel filed three motions. Said motions moved the court for:
 (1) the children be interviewed and a Guardian Ad Litem appointed;
 (2) contempt against plaintiff for visitation violations; and
 (3) contempt against plaintiff for failing to file a notice of relocation.
A Motions' hearing was held August 1, 2001.
Pursuant to the court's order, proposed Findings of Fact and Conclusions of Law were submitted and pursuant to this Court's order, the trial court filed the same on December 6, 2001.
No transcript of the evidentiary hearing of August 1, 2001 has been filed pursuant to Appellate Rule 9(B) nor a statement of evidence pursuant to Appellate Rule 9(C).
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Because appellant has failed to provide this court with those portions of the transcript necessary for resolution of the assigned errors, i.e. the transcript of the August 1, 2001 hearing, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in Knapp, supra.
It is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19. See also: State v. Render (1975),43 Ohio St.2d 17; State v. Bell (1992), 78 Ohio App.3d 781.
Contrary to some of the arguments of appellant, this appeal does not concern either the ex parte ruling of the Magistrate of January 2, 2001 or the vacation of such order following the hearing of January 10, 2001 but whether the trial court abused its discretion in its decision following the evidentiary hearing on the motions of August 1, 2001.
An objection to a referee's finding of fact is waived if it is not properly raised at the trial court level. See: Proctor v. Proctor
(1988), 48 Ohio App.3d 55; Waltimire v. Waltimire (1989),55 Ohio App.3d 275; Woosley v. Woosley, CA-3268, Court of Appeals of Licking County (December 3, 1987).
As referenced in both appellate briefs, the standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
The sole Assignment of Error, with which we disagree, charges abuse of discretion in denying appellant's motions.
As to the requested appointment of a Guardian Ad Litem, the trial court's findings of fact at item 17 indicates such motion was withdrawn.
Items 14 and 22 of such findings indicate that interviews of the children took place.
The next motion of appellant related to a requested contempt finding against appellee for denial of visitation. The Conclusions of Law states:
 Due to the absence of the required notices found in Ohio Revised Code 2705.031, defendant's motions were dismissed as a violation of due process pursuant to Nunn v. Nunn (1998) Delaware Co. 97CAF-12-57 (5th District) (unreported) and Stigger v. Hight (1994) Licking Co. 94CA5 (5th District) (unreported).
We find no error of law or abuse of discretion.
The last motion desired contempt charges due to failure to file a notice of intention to relocate. However, the trial court found that such notice had been given. (Items 4 and 8 of Findings of Fact).
With no transcript of the August 1, 2001 evidentiary hearing having been filed, we must assume that the trial court properly considered the evidence and credibility of the witnesses in light of the court's exhaustive review of the requirements of R.C. § 3109.04.
We therefore affirm the trial court's decision.
By: BOGGINS, J. HOFFMAN, P.J. and FARMER, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio is affirmed. Costs to appellant.