OPINION
{¶ 1} Appellant Helen Saffell ("Mother") appeals the December 10, 2007 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Division, which terminated her parental rights, privileges and responsibilities with respect to two of her minor children, and granted permanent custody of the children to Appellee Tuscarawas County Department of Job and Family Services ("the Department").
 STATEMENT OF THE CASE AND FACTS {¶ 2} On March 27, 2007, the trial court conducted a shelter care hearing with regard to two of Mother's minor children, Eric Henslee (DOB 9/30/95) and Shyanne Saffell (DOB 4/15/04).[1] The trial court placed the children into the temporary custody of the Department. The following day, the Department filed a Complaint, alleging Eric and Shyanne were neglected and dependent children, and requesting permanent custody of the children. At the time the instant action was initiated, Eric and Shyanne were in the legal custody of Shirley and Terry Pfau, the children's maternal great-aunt and uncle.
 {¶ 3} In a previous matter, Tuscarawas County Court of Common Pleas Case No. 04JN00741, Mother's parental rights with respect to two of her other children, Christopher Dalton and Sean Dalton, were terminated, and the Department was granted permanent custody. Mother voluntarily agreed to grant legal custody of Eric and Shyanne to Shirley and Terry Pfau as part of the resolution of that matter. The Department became involved in the instant action after learning Mother and the Pfaus *Page 3 
were attempting to transfer custody of the children back to Mother through an action filed in the Stark County Court of Common Pleas, Family Court Division.[2] The Department contacted officials in the Stark County Family Court, and after a hearing, the Stark County Family Court issued an order placing Eric and Shyanne in the temporary custody of the Department.
 {¶ 4} Following the removal of the children from the Pfau's custody, the Department learned Shirley and Terry Pfau had allowed Eric and Shyanne to spend significant periods of time with Mother. The Pfaus also subjected the children to an older sibling, Kevin, an adult, who as a juvenile had been convicted of and incarcerated on multiple sex offenses in the Commonwealth of Kentucky and was classified as a sex offender. The children provided information to the Department which suggested Kevin may have attempted some inappropriate contact with them.
 {¶ 5} The Department sought permanent custody as the initial disposition in this matter as it did not intend to pursue efforts to reunite the children with Mother. However, the Department consented to allow a home study to be completed on the residence of Ida Saffell, the children's maternal grandmother and Mother's mother, who resided in the Commonwealth of Kentucky. Mother stipulated to a finding of dependency and the children remained in the temporary custody of the Department. The Department did not develop a reunification plan for Mother.
 {¶ 6} Upon completion of the home study, the trial court conducted a full hearing to review the issue of placement of Eric and Shyanne with Ida Saffell, after which the *Page 4 
trial court denied the requested placement. On August 14, 2007, the Department filed a Motion for Permanent Custody of Eric and Shyanne. The matter proceeded to hearing on November 29, 2007.
 {¶ 7} At the hearing, Mother was permitted to present testimony in support of her motion to grant legal custody of the children to Ida Saffell as an alternative to permanent custody. The testimony at the hearing revealed Kevin Saffell was in the custody of Ida Saffell when he committed the sex offenses for which he was subsequently convicted.
 {¶ 8} Via Judgment Entry filed December 10, 2007, the trial court denied Mother's request Ida Saffell be granted legal custody of the children, terminated Mother's parental rights, and granted permanent custody of the children to the Department.
 {¶ 9} It is from this judgment entry Mother appeals, raising the following assignments of error:
 {¶ 10} "I. THE TRIAL COURT'S DECISION GRANTING TUSCARAWAS COUNTY JOB FAMILY SERVICE'S MOTION FOR PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO LAW, AND/OR AN ABUSE OF DISCRETION, AND WAS NOT IN THE MINOR CHILDREN'S BEST INTEREST.
 {¶ 11} "II. THE TRIAL COURT'S DECISION TO DENY THE MOTHER'S MOTION FOR LEGAL CUSTODY TO THE MATERNAL GRANDMOTHER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND/OR CONTRARY TO LAW, AND WAS NOT IN THE BEST INTEREST OF THE MINOR CHILDREN. *Page 5 
 {¶ 12} "III. THE TRIAL COURT'S DECISION TO DENY THE MOTHER'S MOTION FOR LEGAL CUSTODY TO THE MATERNAL GRANDMOTHER WAS AN ABUSE OF DISCRETION, AND NOT IN THE BEST INTEREST OF THE MINOR CHILDREN."
 {¶ 13} This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.1(C).
 I {¶ 14} In her first assignment of error, Mother contends the trial court's decision granting permanent custody of Eric and Shyanne to the Department was against the manifest weight of the evidence and was not in the best interest of the minor children.
 {¶ 15} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 16} Furthermore, it is well-established "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In reMauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In reAwkal (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. *Page 6 
 {¶ 17} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing, and provide notice, upon filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.
 {¶ 18} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 19} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the *Page 7 
child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 20} Mother contends the Department focused solely on her prior involvement and failed to appreciate her current life situation. Mother was currently unemployed and living with her fiancé. The trial court specifically found Mother had lost permanent custody of two of her children, and legal custody of Eric and Shyanne was given to Shirley and Terry Pfau. Pursuant to R.C. 2151.414(E)(11), once a trial court has determined, by clear and convincing evidence, the parent has had parental rights involuntary terminated with respect to a sibling of the child, it "shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent". As such, this finding is sufficient to support the trial court's permanent custody decision.
 {¶ 21} With respect to the trial court's best interest finding, the evidence established Eric and Shyanne have a strong relationship with two of their older siblings, who had been adopted by Eric and Shyanne's current foster family. Eric has extensive, long term psychiatric problems. The boy was diagnosed with schitzo-affective disorder, a precursor to a diagnosis of schizophrenia in adults. Eric has shown reasonable improvement in his foster home. He is bonded with his foster family and his other siblings. Shyanne is doing very well in foster care and is bonded with her siblings and her foster family. Neither child has a relationship with Mother and considers the foster family to be his/her own family. The children had not had any contact with Ida Saffell since being placed into foster care. Counsel for the children advocated permanent *Page 8 
custody. Based upon the above, we find the Department presented competent credible evidence to support the trial court's best interest finding.
 {¶ 22} Mother's first assignment of error is overruled.
 II, III {¶ 23} Because Mother's second and third assignments of error address the same issue, we shall address said assignments of error together. In her second assignment of error, Mother contends the trial court's denial of her motion for legal custody with Ida Saffell was against the manifest weight of the evidence and not in the children's best interest. In her third assignment of error, Mother contends such decision was an abuse of discretion.
 {¶ 24} The Department initiated this case on a complaint for permanent custody. However, the Department held the motion pending a home study of Ida Saffell's residence. After receiving the home study report from Kentucky, the trial court conducted a full hearing on July 18, 2007.
 {¶ 25} Mother did not file a transcript of the July 18, 2007 hearing as required by App. R. 9(B) nor has she filed a statement of evidence pursuant to App. R. 9(C). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Lab. (1980),61 Ohio St.2d 197, 400 N.E.2d 384. Because Mother has failed to provide this Court with those portions of the transcript necessary for resolution of the assigned errors, i.e. the transcript of the July 18, 2007 hearing, we must presume the regularity of the proceedings below and affirm. *Page 9 
It is the duty of the appellant to ensure the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564. See also: State v.Render (1975), 43 Ohio St.2d 17, 330 N.E.2d 690; State v. Bell (1992),78 Ohio App.3d 781, 605 N.E.2d 1335.
 {¶ 26} Mother's second and third assignments of error are overruled.
 {¶ 27} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.
 Gwin, J. and Edwards, J. concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Anthony Henslee, father of Eric, is not a party to this Appeal. Kenneth Eddleman, father of Shyanne, is deceased.
[2] Mother and the Pfaus were residing in Stark County at the time of the filing of that action. *Page 1