RITTER et al., Appellants,

v.

FAIRWAY PARK PROPERTIES, L.L.C., Appellee.

[Cite as *Ritter v. Fairway Park Properties, L.L.C.,*
154 Ohio App.3d 444, 2003-Ohio-5048.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21509.

Decided Sept. 24, 2003.

Sulaiman Roy Graham, for appellants.

Michael D. Linn, for appellee.

BAIRD, Presiding Judge.

{¶ 1} Appellants, Bruce and Denise Ritter ("appellants"), appeal from a judgment of the Barberton Municipal Court that found for appellee, Fairway Park Properties, L.L.C. ("Fairway") in a landlord-tenant dispute. We affirm.

I

{¶ 2} Appellants leased an apartment from Fairway subject to a written lease agreement. The lease contained an addendum allowing appellants to keep one cat in the apartment for a non-refundable fee of $200; the addendum states that "[t]his fee shall not in anyway [sic] be applied to damages at time of move-out." Appellants also agreed to pay an extra $25 per month over the monthly rent in order to keep the cat at the apartment.

{¶ 3} The lease further states:

"12. *CARPETING*: The condition of carpeting at the time of move in is noted on the APARTMENT INSPECTION REPORT form. Landlord expects and demands that the carpeting shall be in the same condition at move out as it is at move in; normal wear and tear excepted. Carpet manufacturers recommend ordinary care, including regular weekly vacuuming and professional cleaning in the event carpeting is soiled or stained. The use of spot cleaners is not recommended as it may set the stains, alter the color of the fiber and may be harmful to carpet backing. RED STAINS DO NOT COME OUT. If Tenant has particular concerns regarding stains or spots, contact the Leasing Office for a recommended, professional cleaning service. Landlord professionally cleans carpeting at the time of vacancy and re-letting of the apartment. Tenant shall be responsible for the full cost or replacement for any carpeting irreparably damaged, stained or excessively worn due to improper or lack of ordinary care of maintenance by Tenant. Stains due to pet waste or urine shall necessitate replacement at Tenant's expense as stipulated in Pet Addendum." (Emphasis sic.)

{¶ 4} The Pet Addendum, regarding the carpet, states:

"9. Tenant shall be responsible to pay for the repair of any and all damage caused by the pet, including but not limited to damage to carpeting, walls, woodwork, doors, common areas and exterior grounds. Costs for replacement of these areas can be substantial."

{¶ 5} After appellants vacated the apartment, they filed suit in the Barberton Municipal Court to recover their $989 security deposit, the $200 pet deposit,

interest, and attorney fees. Fairway counterclaimed for $681.18 plus interest, alleging damages to the apartment inflicted by appellants.

{¶ 6} The case was tried to a magistrate. The magistrate found that the security deposit for the apartment was $989, the $200 pet fee was non-refundable, and that "[t]he replacement of the carpet in the apartment was reasonable and necessary under the circumstances, based upon the damage done to it by [appellants]." In his conclusions of law, the magistrate stated that "[t]he [appellants] caused damage to the apartment in excess of the security deposit held by [Fairway], and credits given by [Fairway], in the amount of $681.18."

{¶ 7} Appellants filed a motion to set aside the magistrate's decision and enter judgment for appellants. The trial court construed the motion to be an objection to the magistrate's decision in accordance with Civ.R. 53(E)(3). The trial court overruled the objection, adopted the magistrate's decision, and entered judgment for Fairway on appellants' claim and Fairway's counterclaim. Appellants timely appealed, raising three assignments of error.

## II

### Assignment of Error No. 1

"Whether a landlord in Summit County, without attempting to have a rug carpet professionally cleaned, can simply take photographs allegedly showing brown and yellow stains on the rug carpet and spots on the vinyl carpet in certain rooms in the apartment, replace all the carpeting in the apartment, and bill the former tenant for the deficiency that is above the amount of security deposit." [Sic.]

### Assignment of Error No. 2

"Whether a landlord in Summit County, with no expertise as a professional carpet cleaner, can legally have a policy that barely visible spots of certain colors, such as brown, yellow, and red, warrant replacement of rug carpeting in the entire tenancy without any attempt to have the rug carpeting professionally cleaned to determine whether the spots can be removed."

[1] {¶ 8} Appellants claim that they did no damage to the apartment's carpet or vinyl flooring other than normal wear and tear and therefore are owed their security deposit and pet deposit. Further, appellants claim that Fairway failed to mitigate its damages by having the carpet professionally cleaned prior to replacement. Fairway's counterclaim arises from Fairway's allegation that appellants damaged the carpet beyond repair, requiring replacement at a cost of $1,589.42. Likewise, Fairway claimed that appellants damaged the vinyl flooring in the kitchen requiring replacement at a cost of $270.11. There were other miscellane-

ous charges totaling $130.85, which Fairway charged to appellants; therefore, Fairway claimed that appellants owed $1,990.38 less the $989 security deposit and rent credits of $320.20, for a total of $681.18.

{¶ 9} Appellants submitted a statement of evidence pursuant to App.R. 9(C); appellants' statement avers that appellants "understand that such Statement of Evidence MUST be approved by the Trial Court before it is filed in the Court of Appeals." There is also a document titled "Defendant's Proposed Amendments to Plaintiffs' Statement of Evidence," which purports to present amendments to the appellants' statement of evidence pursuant to App.R. 9(C). There is nothing in the record to indicate that the trial court ever amended or approved the statements of evidence of either party. App.R. 9(C) states:

> "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. * * * The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."

{¶ 10} A trial court's action is presumed valid. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237. A party fails to perfect the record on appeal where its statement of proceedings under App.R. 9(C) was never settled and approved by the trial court. *State v. Bell* (1992), 78 Ohio App.3d 781, 605 N.E.2d 1335. "In the absence of an adequate record, which is the appellant's responsibility * * *, we are unable to evaluate the merits of the assignments of error and must affirm the trial court's decision." *Volodkevich*, 48 Ohio App.3d at 314, 549 N.E.2d 1237, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.

{¶ 11} Appellants' first two assignments of error concern facts, testimony, and evidentiary matters which must be demonstrated from the record. The record before us is insufficient to demonstrate the claimed errors. Appellant's first two assignments of error are overruled.

### Assignment of Error No. 3

"Whether a pet deposit that is labeled as a nonreturnable 'pet fee,' which is paid in addition to a monthly 'pet fee,' is a security deposit as a matter of law."

{¶ 12} Appellant argues in this assignment of error that "the pet addendum executed by [appellants] was clearly intended to secure the performance of their obligation not to allow their cat to damage defendant's property." There-

fore, appellants claim that the pet deposit is a security deposit pursuant to R.C. 5321.01(E) and refundable pursuant to R.C. 5321.16(B).

{¶ 13} Traditional contract principles apply when a court interprets rental agreement provisions. *Pool v. Insignia Residential Group* (1999), 136 Ohio App.3d 266, 270, 736 N.E.2d 507. If a contract is clear and unambiguous, its interpretation is a question of law. *Red Head Brass, Inc. v. Buckeye Union Ins. Co.* (1999), 135 Ohio App.3d 616, 627, 735 N.E.2d 48; *Beaver Excavating Co. v. United States Fid. & Guar. Co.* (1998), 126 Ohio App.3d 9, 14, 709 N.E.2d 858.

{¶ 14} In interpreting rental agreements, as with other written contracts, we look to the terms of the lease to determine the intention of the parties. See *Minor v. Allstate Ins. Co.* (1996), 111 Ohio App.3d 16, 20, 675 N.E.2d 550. The intent of the parties to a lease is "presumed to reside in the language they chose to employ in the agreement." *Fleming v. Rusch Properties* (Mar. 1, 2001), 10th Dist. No. 00AP–595, 2001 WL 208520, citing *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, paragraph one of the syllabus.

{¶ 15} R.C. 5321.01(E) defines a "security deposit" as "any deposit of money or property to secure performance by the tenant under a rental agreement."

{¶ 16} R.C. 5321.16(B) requires that security deposits may be applied to past due rent or damages; however, the landlord must provide a written notice to the tenant of what rent or damage was deducted from the security deposit. If a landlord does not comply with R.C. 5321.16(B), then the tenant may recover the security deposit due him, along with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees.

{¶ 17} The "Pet Addendum" to the lease in issue states:

"Tenant shall pay Landlord a non-refundable Pet Fee of $200.00 at move-in or upon commencement of this agreement. This fee shall not in anyway [sic] be applied to damages at time of move-out."

{¶ 18} Where a pet deposit is given to secure performance by the tenant under the lease, it may be considered a security deposit subject to the provisions of R.C. Chapter 5321 and applicable case law. *Pool v. Insignia Residential Group,* 136 Ohio App.3d 266, 736 N.E.2d 507, at the syllabus.

{¶ 19} The language of the addendum states that it is nonrefundable and inapplicable to damages. Appellants present no argument or evidence to support the conclusory statement that the parties "clearly intended to secure the performance of their obligation not to allow their cat to damage defendant's property." The plain language of the rental contract indicates that the pet deposit was not to be applied to damages, and so it cannot be intended to secure

performance to keep the apartment free from damage. Appellant's third assignment of error is overruled.

## III

{¶ 20} Appellants' three assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

WHITMORE and BATCHELDER, JJ., concur.