OPINION
{¶ 1} In this accelerated calendar case, appellant, Leonidas J. Alteno, appeals the judgment entered by the Trumbull County Court of Common Pleas, Domestic Relations Division. The trial court denied appellant's motion for statutory interest on money due to him from appellee, Maureen P. Alteno, pursuant to a judgment of divorce.
 {¶ 2} The parties were married in 1973. In 1998, appellee filed a complaint for legal separation. In a supplemental judgment entry dated May 3, 2000, the trial court granted the parties a divorce. Appellee appealed the decision to this court. In January 2002, this court affirmed the judgment of the trial court.[1]
 {¶ 3} Subsequently, appellant filed a motion for statutory interest, claiming that appellee had not paid $60,332.10, due to him under the court's supplemental judgment entry. The matter was heard by a magistrate, who issued a decision denying appellant's motion. The magistrate provided several reasons in support of the decision, including the appeal pursued by the appellee was not done for the purposes of delay and appellant had not quit claimed his interest in the marital real estate.
 {¶ 4} Appellant filed objections to the magistrate's decision, pursuant to Civ.R. 53(E)(3). In his objections, appellant argued that the magistrate's decision was contrary to law. He also argued that certain stipulations of the parties should be made part of the judgment. The trial court overruled appellant's objections to the magistrate's decision. However, the trial court did include the following stipulations in the judgment entry:
 {¶ 5} "1. The principal amount due Defendant from Plaintiff is sixty thousand three hundred thirty-two and 10/100 dollars ($60,332.10);
 {¶ 6} "2. The Supplemental Judgment Entry (Final Appealable Order) was filed by the Trial Court on May 3, 2000;
 {¶ 7} "3. Plaintiff filed her Notice of Appeal with the Court of Appeals, Eleventh Appellate District, on June 2, 2000;
 {¶ 8} "4. The said Court of Appeals rendered its Opinion and Judgment Entry affirming the Trial Court on January 28, 2002;
 {¶ 9} "5. Plaintiff filed with the said Court of Appeals a Motion to Certified [sic] Record to Ohio Supreme Court for Conflict on February 7, 2002; and
 {¶ 10} "6. The Court of Appeals overruled Plaintiff's Motion to Certify Record on March 29, 2002."
 {¶ 11} Appellant has timely appealed the judgment of the trial court overruling his objections to the magistrate's decision. On appeal, appellant has submitted as a statement of evidence, pursuant to App.R. 9(C), a copy of the trial court's judgment entry containing the above stipulations. This pleading indicates that appellant served appellee with a copy. Appellee did not file any objections or proposed amendments to the statement of evidence. In addition, the trial court never settled or approved the statement, as required by App.R. 9(C).
 {¶ 12} Appellant raises two assignments of error. His first assignment of error is:
 {¶ 13} "The trial court erred, as a matter of law, by failing to award the payment of interest at the legal rate by appellee to appellant from the date of the judgment issued by the trial court to the date of payment of same."
 {¶ 14} Appellant has not filed a transcript in this matter. Nor has appellant established a transcript is unavailable. This failure precludes the admission of appellant's App.R. 9(C) statement.[2] Moreover, the trial court never settled or approved the proposed statement of the evidence. Thus, appellant has failed to perfect the record by means of his proposed App.R. 9(C) statement.[3]
 {¶ 15} However, the trial court, in its August 11, 2002 judgment entry, acknowledged the existence of stipulations. When approved by a trial court, stipulations eliminate the need for proof of that matter.[4] Thus, although the statement of evidence was not properly perfected, we will still consider the six stipulations, because they were approved by the trial court in a journalized entry.
 {¶ 16} An appellate court is limited to the record before it.[5] In addition, this court has previously held that "[i]f appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment."[6]
 {¶ 17} Appellant was seeking interest pursuant to R.C.1343.03, which states, in part:
 {¶ 18} "(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more * * *."
 {¶ 19} The Supreme Court of Ohio has held, "[w]hether to award interest upon obligations arising out of the division of marital property is within the discretion of the trial court."[7] However, in Koegel, the Supreme Court of Ohio specifically stated that it was not addressing the issue of whether R.C. 1343.03 is applicable to cases involving the division of marital property.[8]
 {¶ 20} Subsequent to the Supreme Court of Ohio's decision inKoegel, many appellate courts have held that R.C. 1343.03 is applicable to judgments involving the division of marital property.[9] The Second Appellate District has held that "[a]n order distributing marital assets from one party to another has the force of a money judgment, and the recipient is entitled to interest on any amount due and owing under the order but unpaid."[10] In Brannon v. Brannon, this court followedWoloch v. Foster and held, "R.C. 1343.03, which allows the imposition of interest upon money judgments, is applicable to domestic relations proceedings in which the trial court orders a distribution of marital assets."[11]
 {¶ 21} Having determined that R.C. 1343.03 applies to judgments regarding the division of marital assets, we will proceed with the merits of the appeal.
 {¶ 22} The supplemental judgment entry stated:
 {¶ 23} "5. It is ordered that Plaintiff shall retain the marital real estate known as 1283 Sterling Drive, Cortland, Trumbull County, Ohio.
 {¶ 24} "Defendant shall quit claim his interest in said real property to Plaintiff forthwith and Plaintiff shall pay Defendant the sum of Sixty-Two Thousand Dollars (as his one-half (1/2) interest therein."
 {¶ 25} Initially, we note that a better practice would have been for the trial court to specify in its judgment entry an exact date for the money to be transferred and the quit claim deed to be filed. However, this was not done.
 {¶ 26} Based on the very limited record before this court, we cannot say that the trial court erred by denying appellant's motion for statutory interest. Stipulations two through six refer to pleadings already in the record. Moreover, none of these pleadings, either collectively or individually, indicate that appellant was entitled to statutory interest.
 {¶ 27} The first stipulation established that appellee owes appellant $60,332.10. However, none of the stipulations indicate why appellee owes this amount. While this figure is in proximity to the amount appellee owed appellant for his one-half interest in the marital real estate pursuant to the supplemental judgment entry, the figures are not the same. There is no evidence before us supporting the proposition that this money was owed to appellant for a qualifying reason under R.C. 1343.03.
 {¶ 28} In addition, the language of the supplemental judgement entry indicates that the conveyance of appellant's interest in the real estate via a quit claim deed was a condition precedent or, at least, a condition concurrent to appellee's duty to pay the judgment. Without a quit claim deed, it would have been nearly impossible for appellee to sell the property or obtain a loan on the property. In fact, it may have been necessary for appellee to take a loan against the property to pay appellant the $62,000. As the conveyance of appellant's interest in the real estate through a quit claim deed was a condition precedent, the judgment in favor of appellant did not become "due and payable" until appellant filed a quit claim deed.
 {¶ 29} There is no indication as to when this money became due. The magistrate found that appellant had not quit claimed his interest in the marital real estate. The limited record before this court contains no evidence as to whether appellant conveyed his interest in the marital real estate by means of a quit claim deed. Accordingly, there is no evidence indicating that the judgment was due and payable. Therefore, the record does not support appellant's assertion that the trial court erred by failing to award statutory interest, pursuant to R.C. 1343.03(A).
 {¶ 30} Appellant's first assignment of error is without merit.
 {¶ 31} Appellant's second assignment of error is:
 {¶ 32} "The magistrate's decision of July 2, 2002, affirmed by the trial court on August 8, 2002, is against the manifest weight of the evidence."
 {¶ 33} In this assignment of error, appellant asserts that the magistrate's decision was based on facts and evidence that was not before the court. Appellant does not specify what evidence the magistrate relied on that was not part of the record or part of the stipulated facts. In addition, appellant did not raise this argument in his objections to the magistrate's decision. Thus, pursuant to Civ.R. 53(E)(3)(b), appellant has waived this argument on appeal.[12]
 {¶ 34} Appellant's second assignment of error is without merit.
 {¶ 35} The judgment of the trial court is affirmed.
Judgment affirmed.
Christley and Grendell, JJ., concur.
[1] Alteno v. Alteno (Jan. 25, 2002), 11th Dist. No. 2000-T-0078, 2002 Ohio App. LEXIS 226.
[2] See Rudinsky v. Eagle Reddie Mix Concrete, Inc. (June 28, 1996), 11th Dist. No. 96-T-5401, 1996 Ohio App. LEXIS 2730, at *3-4, citing State ex rel. Corona v. Harris (1980),63 Ohio St.2d 95, 96.
[3] Ritter v. Fairway Park Properties, L.L.C.,154 Ohio App.3d 444, 2003-Ohio-5048, at ¶ 10, citing State v. Bell
(1992), 78 Ohio App.3d 781.
[4] (Citations omitted.) Chitwood v. Univ. Med. Center, Gen.Div. (May 5, 1998), 10th Dist. No. 97API09-1235, 1998 Ohio App. LEXIS 2106, at *4.
[5] See, e.g., State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
[6] State v. Davis (Dec. 4, 1998), 11th Dist. No. 97-P-0111, 1998 Ohio App. LEXIS 5810, at *2, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19; Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; Bucary v.Rothrock (July 13, 1990), 11th Dist. No. 89-L-14-046, 1990 Ohio App. LEXIS 2854, at *2-3.
[7] Koegel v. Koegel (1982), 69 Ohio St.2d 355, syllabus, following Cherry v. Cherry (1981), 66 Ohio St.2d 348.
[8] Id. at 357-358.
[9] See Rice v. Rice (Oct. 12, 2001), 11th Dist. No. 2000-A-0050, 2001 Ohio App. LEXIS 4608, at *5.
[10] Woloch v. Foster (1994), 98 Ohio App.3d 806, 812.
[11] Brannon v. Brannon (June 27, 1997), 11th Dist. No. 96-T-5572, 1997 Ohio App. LEXIS 2897, at *22-23, citing Wolochv. Foster, 98 Ohio App.3d at 812.
[12] See State ex rel. Booher v. Honda of Am. Mfg., Inc.
(2000), 88 Ohio St.3d 52, 53-54.