DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal and cross-appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, that ordered the division of the parties' marital property. For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part.
 {¶ 2} Appellant/cross-appellee, David Hyslop, asserts the following assignments of error:
 {¶ 3} "The lower court erred in refusing to correct the clerical errors it made in the amended judgment entry.
 {¶ 4} "The lower court abused its discretion in awarding appellee the sum of $144,030.69, as this sum impermissibly alters the property distribution scheme established by prior court order.
 {¶ 5} "The lower court erred when it failed to direct that appellant's payment of $36,000 to appellee as an interim distribution of appellant's STRS pension be credited against appellee's total share of said pension."
 {¶ 6} Appellee/cross-appellant, Joyce Hyslop, asks this court to consider the following cross-assignment of error:
 {¶ 7} "The trial court erred to the prejudice of the appellee/cross-appellant by failing to award her interest at the rate of ten percent (10%) per annum pursuant to R.C. 1343.03(A) from the date of judgment."
 {¶ 8} This appeal comes to us as a result of extensive litigation between the parties in the process of their divorce action, which commenced in 1999 when appellee/cross-appellant Joyce Hyslop ("appellee") filed a complaint for divorce. In the interest of clarity, only the facts and procedural history directly relevant to the issues now before us are recited below.
 {¶ 9} Final hearing on the parties' divorce commenced in December 1999, and on March 19, 2001, the magistrate issued his decision. On October 10, 2001, the trial court entered its judgment entry and memorandum decision in the matter. On October 22, 2001, the court issued an amended judgment entry in response to a "Motion for Clarification or Reconsideration" filed by appellee on October 4, 2001. Appellant/cross-appellee David Hyslop ("appellant") filed an appeal of the amended judgment entry and appellee filed a cross-appeal. On September 6, 2002, this court entered its decision affirming in part and reversing in part the amended judgment entry. On February 19, 2003, the trial court filed a judgment entry conforming to this court's mandate.
 {¶ 10} On March 28, 2003, appellee filed a "Motion to Show Cause, for Attorney Fees, Interest and Damages." On May 12, 2003, appellant filed a "Motion to Correct Clerical Errors in the Judgment, or in the alternative, Motion for Relief from Judgment, or in the alternative, Motion for Interpretation of the Judgment."
 {¶ 11} On May 30, 2003, the trial court entered the memorandum decision that is the basis of this appeal. The memorandum decision denied appellant's motion to correct clerical errors and ordered appellant to pay the sum of $144,030.69 to appellee within 60 days of the date the order was filed. The trial court further ordered appellant to pay appellee $675 in attorney fees. Appellant filed a timely appeal, alleging that the trial court erred by failing to correct clerical errors it made in the amended judgment entry; that the sum of $144,030.69 impermissibly altered the property distribution scheme established by prior court order; and that the trial court should have ordered that appellant's payment of $36,000 to appellee as an interim distribution of his STRS pension be credited against appellee's total share of the pension. The trial court did not order appellant to pay interest on the $144,030.69 and appellee filed a cross-appeal on that issue, claiming that the trial court should have awarded interest from the date of its October 22, 2001 judgment.
 {¶ 12} In his first assignment of error, appellant asserts that the trial court erred in its May 30, 2003 decision by refusing to correct clerical errors appellant claims were made in the court's October 22, 2001 judgment entry. The trial court's ruling was in response to appellant's motion to correct clerical errors filed pursuant to Civ.R. 60(A). Civ.R. 60 addresses motions for relief from judgment.
 {¶ 13} This court must review the trial court's denial of appellant's motion for relief from judgment on an abuse of discretion standard. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, 1994 Ohio 107. The motion which appellant filed on May 12, 2003 was captioned as a motion to correct clerical errors pursuant to Civ.R. 60(A), or in the alternative a motion for relief from judgment pursuant to Civ.R. 60(B)(5), or in the alternative a motion for interpretation of the judgment. In essence, appellant's joint motion was a motion for relief from the October 22, 2001 judgment. Appellant's motion was filed, however, eight months after this court ruled on his direct appeal from the October 2001 judgment. See this court's decision and judgment entry in Hyslop v. Hyslop, 6th Dist. No. WD-01-059,2002 Ohio 4656.
 {¶ 14} This court has carefully reviewed the entire record of proceedings in this case and, based thereon, we conclude that appellant was using a Civ.R. 60(A) motion to challenge for a second time the trial court's October 22, 2001 decision. Appellant could have, and should have, raised the issues set forth above in his direct appeal of the October 2001 decision. It is clear that by way of the motions filed on May 12, 2003 appellant was attempting to reopen and relitigate a prior final judgment — a judgment which had already been appealed to this court and on which this court had ruled. The issues raised by appellant could have and should have been raised in his original appeal. Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion for relief from judgment pursuant to Civ.R. 60(A) and appellant's first assignment of error is found not well-taken.
 {¶ 15} In his second assignment of error, appellant asserts that when the trial court ruled on appellee's motion to show cause in its May 30, 2003 decision, the court improperly altered the original property division as ordered in its October 22, 2001 judgment. Appellant argues that the trial court exceeded its authority by modifying the distribution scheme from a distribution in kind to a distribution in money.
 {¶ 16} In its May 2003 decision, the trial court found appellant in contempt for failure to distribute to appellee $144,030.69 in assets previously ordered as part of the parties' property division. The assets in question as set forth by the trial court are as follows:
 {¶ 17} $17,443.80 one-half of Mid-Am account #623598
 {¶ 18} $24,755.89 equalization of marital assets
 {¶ 19} $51,956.00 Templeton World account increase
 {¶ 20} $13,875.00 joint stocks
 {¶ 21} $36,000.00 arrears on appellee's share of STRS pension
 {¶ 22} _________
 {¶ 23} $144,030.69
 {¶ 24} In response, appellee states that the trial court erred and states that she is owed $126,104.35, plus interest from the date of judgment. Appellee does not set forth in her brief on appeal, however, exactly how she arrived at that figure.
 {¶ 25} Appellant's argument is applicable only to the joint accounts listed above — several joint stocks valued by the trial court at $13,875 and the Templeton World account increase valued at $51,956. Appellant states that he presumes the trial court's May 2003 order that he pay the sum set forth above was intended to be in lieu of the actual transfer of the joint accounts. He then states that the trial court erroneously used valuations assigned in the October 22, 2001 judgment entry and argues that because the accounts in question have depreciated in value since the date of that valuation, the court's most recent order is not the functional equivalent of its earlier order. Appellant further argues that appellee should receive the actual accounts in-kind, which have decreased in value recently, rather than receive the value of the accounts at the time of valuation in December 1999. He further asserts that appellee assumed the risk that the accounts would depreciate and that she cannot now claim entitlement to the higher value when she did not make a demand for payment or take any steps to have the accounts transferred to her.
 {¶ 26} Appellee further asserts that she was unable to obtain the joint stocks due to the pendency of the appeals which appellant chose to pursue. She argues that appellant refused to pay her the funds to which she was entitled or transfer the stock.
 {¶ 27} With regard to the division of marital property in its October 22, 2001 judgment entry, after listing the assets individually, the trial court stated in its conclusions of law: "3. These marital assets shall be divided equally as follows: a. The Plaintiff shall receive as and for her own property, free and clear of any interest of the Defendant and holding him harmless thereon, all the property listed as the Plaintiff's; all theproperty listed as joint property; and the Defendant's Templeton World account (or equivalent cash amount), in paragraph 2 above." [Emphasis added.] In paragraph 2 as referenced by the trial court were listed the five joint stock accounts with a combined value of $13,875.
 {¶ 28} The question before this court is whether the trial court modified its October 2001 order in May 2003. Once a division or disbursement of property is made by the court, that distribution is not subject to future modification by the court. R.C. 3105.171(I); Makar v. Makar, 7th Dist. No. 02CA37,2003 Ohio 1071. However, in order to determine whether the trial court modified its original order, we must ascertain the intent of that order with respect to the accounts in question and then compare it to the relevant portion of the May 2003 order to see if there was in fact a modification. In its October 2001 judgment, the trial court did not merely assign the various accounts to appellee; the court assigned values to the accounts and then made the division of property. Because the accounts were valued, we believe that the trial court had those values in mind when it divided the property in a manner it considered equitable and that the court intended for appellee to receive a settlement with a certain dollar amount, not merely receive an in-kind distribution of the accounts with whatever value they had when transferred to appellee in the future. Based on the foregoing, we find that the trial court intended originally for appellee to receive the accounts with a specific dollar amount and that, in its May 30, 2003 decision finding appellant in contempt for failure to comply with the October 2001 order, merely clarified its intent by ordering appellant to pay appellee a total amount equal to the value of the accounts at the time of the original order. Therefore, we find that the trial court did not modify its original order. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 29} In his third assignment of error, appellant asserts that the trial court erred in its May 30, 2003 decision by failing to designate that the payments of $2,000 per month it had ordered, which were at the time of the hearing $36,000 in arrears, be credited against appellee's larger total share of his STRS pension that would be paid in full at a later date. Appellant argues that the court's May 2003 order could be interpreted as providing a $36,000 windfall to appellee in addition to the rest of her share of the marital property. Appellee responds that she has agreed from the outset that the interim distribution of $2,000 per month would be credited against her total share of appellant's STRS pension. Appellee points to the May 12, 2003 motion hearing at which time her counsel indicated to the court their understanding that the $2,000 monthly interim payments would be credited against the total pension distribution.
 {¶ 30} This court has reviewed the transcript of the May 12, 2003 hearing wherein appellee's counsel did in fact state appellee's understanding that the monthly payments would be credited against her total share of the pension. In its May 30, 2003 decision on appellee's motion to show cause, the trial court found that appellant was in contempt for, among other things, failing to pay $2,000 per month as ordered, resulting in an arrearage of $36,000. The trial court found that appellant could purge himself of the contempt by paying the total sum owed within 60 days. The trial court did not clarify that the monthly payments would be credited against the pension as the parties had agreed at the hearing. Upon consideration whereof, we find that the trial court should have clearly stated the nature of the interim payments and, accordingly, this assignment of error is found well-taken. Pursuant to App.R. 12(B), the May 30, 2003 judgment of the trial court is modified to state that appellant David Hyslop's payment to appellee Joyce Hyslop of $36,000 as an interim distribution of his STRS pension is to be credited against appellee's total share of said pension as set forth in the October 22, 2001 Amended Judgment Entry and Memorandum Decision.
 {¶ 31} In her sole assignment of error on cross-appeal, appellee asserts that the trial court erred in its May 30, 2003 decision by failing to award interest on the sum of $144,030.69 which it ordered appellant to pay within 60 days.
 {¶ 32} Appellant responds that appellee's claim to interest must be denied because he does not owe a sum of money but rather was ordered in the October 2001 judgment to make an in-kind transfer of the accounts referenced above. Because we found above that the trial court's May 30, 2003 order for a lump sum to be paid appellee is valid, this argument has no merit.
 {¶ 33} R.C. 1343.03(A) states in relevant part that: "In cases other than those provided for in sections 1343.01 and1343.02 of the Revised Code, when money becomes due and payable upon * * * all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *."
 {¶ 34} In Koegel v. Koegel (1982), 69 Ohio St.2d 355, at syllabus, the Supreme Court of Ohio held that a decision on whether to award interest on obligations arising out of the division of marital property is within the trial court's discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Subsequent to Koegel,
many appellate courts have held that R.C. 1343.03 is applicable to judgments involving the division of marital property. SeeRice v. Rice, 11th Dist. No. 2000-A-0050, 2001 Ohio 4308;Alteno v. Alteno, 11th Dist. No. 2002-T-0109,2004 Ohio 1179. The Second Appellate District has held that "an order distributing marital assets from one party to another has the force of a money judgment, and the recipient is entitled to interest on any amount due and owing under the order but unpaid."Woloch v. Foster (1994), 98 Ohio App.3d 806, 812.
 {¶ 35} We acknowledge that it may have been reasonable for the trial court to have awarded interest. However, pursuant to the law as summarized above, this is a matter left to the discretion of the trial court and we are reluctant in this instance to second-guess the decision of a court that has much greater familiarity than does this court with the case before us. We therefore are unable to find that the trial court's decision not to award interest was unreasonable, arbitrary or unconscionable and, accordingly, appellee's sole cross-assignment of error is not well-taken.
 {¶ 36} On consideration whereof, the judgment of the trial court is affirmed in part and reversed in part. As indicated above, pursuant to App.R. 12(B), the May 30, 2003 judgment of the trial court is hereby modified to state the following: "Appellant David Hyslop's payment to appellee Joyce Hyslop of $36,000 as an interim distribution of his STRS pension is to be credited against appellee's total share of said pension as set forth in the October 22, 2001 Amended Judgment Entry and Memorandum Decision." The judgment of the Wood County Court of Common Pleas, Domestic Relations Division is affirmed in all other respects. Costs of this appeal are assessed to the parties equally.
Judgment affirmed in part and reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Knepper, J., Lanzinger, J., concur.