OPINION
{¶ 1} The defendant-appellant, Casey Messenger, appeals the judgment of the Hancock County Common Pleas Court, Probate Division, denying his motion to set aside judgment. On appeal, Appellant contends the trial court erred by failing to consider his exceptions to the inventory, by denying his Civ. R. 60(B) motion, and by failing to offset his one-third interest in the estate from the amount due to the estate. For the reasons set forth herein, the judgment of the trial court is affirmed.
 {¶ 2} On November 3, 2006, the plaintiffs-appellees, Rebecca Bigler and Christina Courtad, filed a motion requesting that Appellant deposit the will of Richard Messenger, the decedent, so the estate could be probated. The will was subsequently deposited by Appellant and John Filkins, his attorney. Filkins entered his appearance in the case on February 8, 2007. The appellees were appointed as co-executrices, and on May 22, 2007, they filed an inventory and *Page 4 
appraisal and a schedule of assets. On June 4, 2007, a notice was sent to Filkins that a hearing on the inventory had been scheduled for July. Pursuant to R.C. 2115.16, the notice indicated that "[exceptions to the inventory must be filed in writing at least five days prior to the date set for the hearing." The hearing was continued to August 13, 2007 at Filkins' request.
 {¶ 3} On August 13, 2007, Filkins filed Appellant's exceptions to the inventory, and the court held the hearing as scheduled. On August 15, 2007, the trial court filed a judgment entry overruling Appellant's exceptions and approving the inventory. On August 16, 2007, the trial court filed a second judgment entry approving the inventory and appraisal.
 {¶ 4} On October 3, 2007, Appellees filed a complaint for concealment of estate assets against Appellant, alleging that he possessed estate assets valued at $189,585.34. Appellant filed a motion to set aside judgment pursuant to Civ. R. 60(B)(1), (3), and (5) and a supporting affidavit on December 10, 2007. Appellees filed a memorandum in opposition to Appellant's motion, and on December 17, 2007, Appellant filed additional support for the motion, which consisted of letters from various people affiliated with the decedent. On January 8, 2008, the trial court filed a judgment entry ordering Appellant to relinquish the assets in his possession, and on January 16, 2008, the court denied his Civ. R. 60(B) motion. *Page 5 
Appellant appeals the judgment of the trial court, raising two assignments of error for our review.
 First Assignment of Error The trial court erred as a matter of law when it failed to consider Appellant's exceptions to the inventory filed on the day scheduled for hearing upon exceptions and in its denial of Appellant's Civil Rule 60(B) motion requesting that the trial court set aside the order confirming the inventory.
 Second Assignment of Error The trial court failed to offset Appellant's one-third interest from the amount the court found to be due and owing to the estate.
 {¶ 5} In his first assignment of error, Appellant challenges the trial court's denial of his Civ. R. 60(B) motion. While the stated assignment of error raises two specific issues, Appellant's argument reveals one argument: the trial court erred by denying his Civ. R. 60(B) motion. Appellant essentially contends that his failure to timely file exceptions was due to excusable neglect, and he was entitled to relief from judgment under Civ. R. 60(B)(1), or in the alternative, he presented sufficient evidence at the August 13, 2007 hearing to entitle him to relief from judgment under Civ. R. 60(B)(5).
 {¶ 6} While an entry denying exceptions does not affect the substantial rights of a party, an order approving an inventory is a final appealable order. In re Estate of Perry, 12th Dist. No. 2007-03-061, 2008-Ohio-351, at ¶ 47, citing In re *Page 6 Estate of Lilley (Dec. 20, 1999), 12th Dist. Nos. CA99-07-083, CA99-07-088, CA99-07-084, CA99-07-087, at 5-6. See alsoSheets v. Antes (1984), 14 Ohio App.3d 278, 470 N.E.2d 931, at paragraph two of the syllabus. A judgment entry approving an inventory bars those who participated in the ruling on the inventory from relitigating issues that were or could have been raised at that time. In re Estate ofLewis (Jul. 23, 1999), 4th Dist. No. 98CA17, citingEger v. Eger (1974), 39 Ohio App.2d 14, 19, 314 N.E.2d 394. See alsoBolles v. Toledo Trust Co. (1940), 136 Ohio St. 517, 27 N.E.2d 145, at syllabus; In re Stayner (1878), 33 Ohio St. 481. Appellant participated in the ruling on the inventory; albeit untimely, and the trial court filed its judgment entry approving the inventory and appraisal on August 16, 2007.
 {¶ 7} Since the judgment entry of August 16, 2007 was a final, appealable order, Appellant could have filed a direct appeal therefrom. However, he did not do so; instead, he opted to seek relief from judgment pursuant to Civ. R. 60(B), approximately four months later, and only after Appellees filed a complaint for concealment of estate assets against him. Ohio law is well established that a party may not seek relief from judgment as a substitute for direct appeal. Harris v.Anderson, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43; Key v.Mitchell, 81 Ohio St.3d 89, 90-91, 1998-Ohio-643, 689 N.E.2d 548, citingState ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 192,529 N.E.2d 1268; State ex rel. *Page 7 McCoy v. Coyle (1997), 80 Ohio St.3d 1430, 685 N.E.2d 542. The issues raised by Appellant in his Civ. R. 60(B) motion could have, and should have, been raised on direct appeal, and the time for filing a direct appeal expired in September 2007. The first assignment of error is overruled.
 {¶ 8} Appellant's second assignment of error directly challenges the trial court's judgment entry approving the inventory. To appeal a final order of the trial court, a notice of appeal must be timely filed pursuant to App. R. 4(A). App. R. 3(A). As stated above, Appellant did not timely appeal the judgment entry of August 16, 2007, leaving this court without jurisdiction to consider the second assignment of error. SeeVFW Post 1238 v. Ohio Liquor Control Comm. (1997), 78 Ohio St.3d 1482,678 N.E.2d 946 ("the record establishes that the notice of appeal from the trial court to the court of appeals was not filed within the time prescribed by App. R. 4(A). Accordingly, this appeal is dismissed,sua sponte, for want of jurisdiction."). The second assignment of error is overruled.
 {¶ 9} The judgment of the Hancock County Common Pleas Court, Probate Division, is affirmed.
Judgment affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1