[Cite as *U.S. Bank Natl. Assn. v. Cotton*, 2022-Ohio-2998.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

U.S. BANK NATIONAL
ASSOCIATION, TRUSTEE FOR
CITIGROUP MORTGAGE                    CASE NO. 14-22-08
LOAN TRUST 2006-WFHE3,
ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-WFHE3,

    PLAINTIFF-APPELLEE,

  v.

                                 O P I N I O N

MARLA COTTON,

    DEFENDANT-APPELLANT.

Appeal from Union Common Pleas Court
Trial Court No. 2020-CV-0047

Judgment Affirmed

Date of Decision:  August 29, 2022

APPEARANCES:

    *Marla Grace Cotton,* Appellant

    *Samantha J. Chugh* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Marla G. Cotton ("Cotton"), *pro se*, appeals the judgment of the Union County Court of Common Pleas, raising various arguments against the trial court's decision to deny her Civ.R. 60(B) motion. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} In 2006, Steven S. Bahr ("Bahr") executed a mortgage that placed a lien on a property in Union County, Ohio. Doc. 2, Ex. B. On December 20, 2016, Bahr passed away. Doc. 6, Ex. A. On his death, the property at issue in this case transferred to Cotton. Doc. 2, Ex. D, E. The mortgagee received no payments on the mortgage note after Bahr passed away. Doc. 2, 47, 58. On March 12, 2020, U.S. Bank National Association ("USB") filed a complaint to foreclose the mortgage on the property that was transferred to Cotton.[1] Doc. 2. In its complaint, USB stated that it was "not seeking a personal judgment against [Cotton] * * * but [was] * * * seeking instead to enforce its security interest." Doc. 2.[2] Cotton never filed an answer to USB's complaint. Appellant's Brief, 4. Doc. 45, 58.

---

[1] U.S. National Bank Association filed this action as "U.S. National Bank Association, as Trustee for the Citigroup Mortgage Loan Trust 2006-WFHE3, Asset-Backed Pass-Through Certificates, Series 2006-WFHE3." Doc. 1, 2.

[2] On June 11, 2021, the trial court issued an "In Rem Judgment Entry and Decree in Foreclosure." Doc. 58. In this order, the trial court did not enter a judgment against Cotton personally. Doc. 58.

**{¶3}** On April 27, 2021, USB filed a motion for a default judgment. Doc. 45. However, the final judicial report ("FJR") indicated that Cotton had transferred the property that was subject to Bahr's mortgage to her son, Christopher J. Souders ("Souders"), via a quitclaim deed on March 10, 2021. Doc. 53, Ex. A. In response to the FJR, the trial court issued an order on May 26, 2021 that directed USB to demonstrate that all necessary parties had been joined to this action. Doc. 54. On June 8, 2021, USB filed a response, arguing that Souders did not need to be joined to this action as he "took title subject to the outcome of the pending action and with constructive knowledge of the same." Doc. 57.

**{¶4}** On June 11, 2021, the trial court entered judgment in favor of USB. Doc. 58. On July 12, 2021, Cotton filed a notice of appeal from this judgment entry. Doc. 64. This notice of appeal became the basis of Appellate Case No. 14-21-17. Doc. 64. However, this prior appeal was dismissed by this Court on October 29, 2021 for want of prosecution. On February 18, 2022, Cotton filed a Civ.R. 60(B) motion to vacate the June 11, 2021 judgment of the trial court. Doc. 79. She argued that the trial court failed to join Souders as a necessary party. Doc. 79. On March 8, 2022, the trial court denied Cotton's Civ.R. 60(B) motion. Doc. 83.

**{¶5}** Cotton filed her notice of appeal on March 8, 2022. Doc. 88. On appeal, she raises the following six assignments of error:

## First Assignment of Error

**The Trial Court committed reversible error by entering judgment against me, Marla Grace Cotton, knowing that title was transferred and I no longer had any interest in the Property in question.**

## Second Assignment of Error

**The Trial Court committed reversible error by denying my Motion to Vacate because the said Court failed to apply the Law of Equity to myself, and or potential or necessary parties, specifically, Christopher Jason Souders.**

## Third Assignment of Error

**The trial court committed reversible error by entering judgment that denied Due Process of Law to my son, Christopher Jason Souders.**

## Fourth Assignment of Error

**The Trial Court committed reversible error by improperly applying the Doctrine of Lis Pendens in that case.**

## Fifth Assignment of Error

**The Trial Court committed reversible error by recognizing that Christopher Jason Souders should be made a party to the Trial Court case, and subsequently abandoning that fundamental principal [sic] without proper justification.**

## Sixth Assignment of Error

**The Trial Court committed reversible error by striking the documents filed by Christopher Jason Souders unjustifiably.**

We will consider Cotton's first and second assignments of error together in one analysis. We will then consider her third, fourth, fifth, and sixth assignments of error together in one analysis.

*First and Second Assignments of Error*

{¶6} Cotton essentially argues that she should not have been the named defendant in the trial court's judgment entry. These two assignments of error largely reassert the arguments Cotton raised in her Civ.R. 60(B) motion.

Legal Standard

{¶7} "Civ.R. 60 addresses motions for relief from judgment." *Hyslop v. Hyslop*, 6th Dist. Wood No. WD-03-053, 2004-Ohio-3793, ¶ 12. A motion made pursuant to Civ.R. 60(B) constitutes "a collateral attack on a judgment." *U.S. Bank Natl. Assn. v. Maxfield*, 12th Dist. Butler No. CA2015-06-120, 2016-Ohio-3396, ¶ 22. It "is a special, collateral proceeding." *Moeller v. Wurdlow*, 10th Dist. Franklin No. 95APG10-1286, 1996 WL 102341, *2 (Feb. 29, 1996). Ohio law is clear that a party may not use a Civ.R. 60(B) motion "as a substitute for direct appeal." *In re Estate of Messenger*, 3d Dist. Hancock No. 5-08-07, 2008-Ohio-5193, ¶ 7.

{¶8} "The doctrine of res judicata applies to a Civ.R. 60(B) motion filed as a substitute for appeal." *In re Complaint of Pilkington N. Am., Inc.*, 145 Ohio St.3d 125, 2015-Ohio-4797, 47 N.E.3d 786, ¶ 34.

> **Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was**

> **the subject matter of the previous action.'** *Grava v. Parkman Twp.*
> **(1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.**

*Kelm v. Kelm*, 92 Ohio St.3d 223, 227, 2001-Ohio-168, 749 N.E.2d 299, 303 (2001).

Thus, if a Civ.R. 60(B) motion contains arguments that could have been raised on

direct appeal, then the doctrine of res judicata will apply to those arguments. *Sydnor*

*v. Qualls*, 2016-Ohio-8410, 78 N.E.3d 181, ¶ 29 (4th Dist.), citing *Bank of Am., N.A.*

*v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16.

> **'[T]he use of Civ. R. 60(B) is generally reserved to issues that**
> **cannot be raised on appeal.'** *Burgess v. Safe Auto*, **2d Dist.**
> **Montgomery No. 20941, 2005-Ohio-6829, ¶ 32.  Therefore, when**
> **a party merely repeats arguments that concern the merits of the**
> **case and that could have been raised on appeal, relief under**
> **Civ.R. 60(B) is not available.** *Wozniak v. Tonidandel*, **121 Ohio**
> **App.3d 221, 228, 699 N.E.2d 555 (8th Dist. 1997).**

*Upkins v. Brosh*, 2d Dist. Miami No. 2018-CA-2, 2018-Ohio-2971, ¶ 26, quoting

*Beyoglides v. Elmore*, 2d Dist. Montgomery No. 24905, 2012-Ohio-3979, ¶ 17.

Legal Analysis

{¶9} In this case, USB filed a motion for a default judgment on April 27,

2021.  Doc. 45.  USB alleged that Cotton had been "duly served with a Summons

and Complaint but [was] * * * in default for failure to file an Answer or otherwise

* * *."  Doc. 45.  In her brief, Cotton indicates that she never filed an answer to the

plaintiff's complaint.  Appellant's Brief, 4.  *See* Doc. 58.  She did not provide any

explanation as to why she failed to respond, saying only that she "was unable, for

various reasons, to answer Plaintiff's complaint."  *Id*.

{¶10} On May 6, 2021, the FJR was filed with the trial court and indicated that Cotton had transferred her interest in the property at issue to her son on March 10, 2021. Doc. 53. On May 26, 2021, the trial court issued an order that required USB to demonstrate that all necessary parties had been joined to this action. Doc. 54. Notice of this order was sent to Cotton. Doc. 56. USB then filed a response, arguing that all necessary parties had been joined. Doc. 57, 58. Cotton did not file any response that contested USB's arguments.

{¶11} On June 11, 2021, the trial court entered in judgment in favor of USB. Doc. 58. The trial court found "that service of summons upon all defendants was proper" and that it "ha[d] jurisdiction over all defendants, therefore, all necessary parties are properly before the Court." Doc. 58. Cotton then initiated Appellate Case No. 14-21-17 by timely filing notice of appeal on July 12, 2021 from the trial court's judgment entry. Doc. 64. However, Appellate Case No. 14-21-17 was dismissed for want of prosecution on October 29, 2021. Doc. 64. In this prior direct appeal, Cotton could have raised arguments that challenged the judgment entry of the trial court, but she chose not to pursue this prior appeal, resulting in its dismissal.

{¶12} On February 18, 2022, Cotton filed her Civ.R. 60(B) motion. Doc. 79. The appeal presently before this Court arises from the denial of this Civ.R. 60(B) motion. In her 60(B) motion, Cotton raised issues that were considered and decided by the trial court during the litigation that occurred prior to the June 11, 2021 judgment entry. She could have raised these issues before the trial court or on her

prior direct appeal. However, she chose not to do so. Under Ohio law, Cotton cannot raise these issues in a Civ.R. 60(B) motion as an alternative to raising these issues in a direct appeal. *See Messenger, supra*, at ¶ 7.

{¶13} On appeal, Cotton's first and second assignments of error reassert arguments from her Civ.R. 60(B) motion. These are arguments that could have been raised on the direct appeal that she filed but chose not to prosecute. For this reason, res judicata operates to bar consideration of these arguments. *See Kuchta, supra*, at ¶ 16; *U.S. Bank National Assn. v. Hull*, 9th Dist. Lorain No. 16CA010979, 2017-Ohio-2914, ¶ 18; *College Hills Assn. v. TT Group, L.L.C.*, 11th Dist. Lake No. 2014-L-016, 2015-Ohio-1406, ¶ 20 (applying res judicata to arguments raised in a Civ.R. 60(B) motion that was filed after a default judgment was entered in a foreclosure action). Accordingly, we conclude that the trial court did not err in denying Cotton's Civ.R. 60(B) motion. Her first and second assignments of error are overruled.

*Third, Fourth, Fifth, and Sixth Assignments of Error*

{¶14} In these assignments of error, Cotton argues that the trial court erred by (1) violating Souders's rights to due process; (2) applying the doctrine of lis pendens to Souders's interest in the property; (3) not making Souders a party to this case; and (4) denying various motions filed by Souders.[3] As a general matter, these arguments were not the subjects of Cotton's Civ.R. 60(B) motion.

---

[3] Souders filed motions to join this action on June 25, 2021 and July 8, 2021. Doc. 62, 63. These two motions were filed after the June 11, 2021 judgment entry was issued. Doc. 58. Souders also filed a Civ.R. 60(B) motion on January 20, 2022. Doc. 75. These motions were not granted. Doc. 71, 85.

Legal Standard

**{¶15}** "A party must have standing to be entitled to have a court decide the merits of a dispute." *Utility Serv. Partners, Inc. v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 49, quoting *N. Canton v. Canton*, 114 Ohio St.3d 253, 2007-Ohio-4005, 871 N.E.2d 586, ¶ 11. "The Supreme Court of Ohio has defined standing as '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *Brown v. Columbus City School Bd. of Edn.*, 10th Dist. Franklin No. 08AP-1067, 2009-Ohio-3230, ¶ 6, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. "In order for a party to have standing to appeal, that party must have been aggrieved or prejudiced by the order appealed." *Alesi v. Warren Cty. Bd. of Commrs.*, 2014-Ohio-5192, 24 N.E.3d 667, ¶ 51 (12th Dist.).

**{¶16}** "To have standing, the general rule is that 'a litigant must assert its own rights, not the claims of third parties.'" *Utility Serv. Partners, Inc.*, at ¶ 49, quoting *N. Canton*, at ¶ 11. Thus, as a general matter, "the party bringing an appeal can only challenge trial court rulings that are injurious to her[.]" *Cain v. Cain*, 11th Dist. Portage No. 2016-P-0011, 2017-Ohio-708, ¶ 20. "An appellant usually does not have standing to argue issues affecting another person." *UBS Financial Services Inc. v. Lacava*, 9th Dist. Summit No. 28147, 2017-Ohio-7916, ¶ 9.

Legal Analysis

**{¶17}** In her third, fourth, fifth, and sixth assignments of error, Cotton asserts that Souders's interests were prejudiced in various ways by the trial court's judgment. However, she does not demonstrate how these alleged errors adversely affected any of her rights or interests. Having reviewed these assignments of error, we conclude that Cotton does not have standing to raise these arguments on her son's behalf in this appeal. *Cain, supra*, at ¶ 21 ("An appealing party is not permitted to vicariously assert that a non-party's constitutional due process rights were violated."); *Am. Savs. Bank, FSB v. Wrage*, 2016-Ohio-2879, 63 N.E.3d 793, ¶ 19 (4th Dist.) (Appellant did not have standing to challenge "the trial court's ruling on the issue of lis pendens" on behalf of junior lienholders as this issue was "a matter between the lienholders and the new owners, not appellant.); *Warino v. Worldwide News Corp.*, 7th Dist. Mahoning No. 12 MA 153, 2013-Ohio-5884, ¶ (Appellant did "not have standing to assert alleged errors relating to * * * nonparties to th[e] appeal."); *Hetlin v. Hetlin*, 3d Dist. Seneca No. 13-14-08, 2014-Ohio-4997, ¶ 40 (Appellant "cannot complain about the failure of the trial court to grant a non-appealing party's motion, unless she can demonstrate how the alleged error prejudiced her."). Accordingly, Cotton's third, fourth, fifth, and sixth assignments of error are overruled.

*Conclusion*

**{¶18}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**